Carll *v.* Butman.

## CARLL *vs.* BUTMAN.

The wife of a mortgagor, or of one claiming under him, cannot have dower at common law against a mortgagee or his assigns, whose title commenced previous to the marriage.

Where the purchaser of an equity of redemption afterwards took a deed of release and quitclaim from the mortgagee, this was held to be no extinguishment of the mortgage, but only an assignment of the title of the mortgagee.

If the mortgagor has aliened the land to two persons, in separate parcels, a judgment obtained by the mortgagee against one of them for the whole tract, does not foreclose the other's right to redeem.

If the widow of the grantee of part of a tract of land, mortgaged before the marriage, would have her dower against the mortgagor, it can be had only by bill in equity, and upon payment of her just proportion of the sum due on the mortgage. The proportion to be paid by the husband's parcel, is such proportion of the principal debt, as the value of the parcel conveyed to him bears to the value of the whole tract mortgaged. And of the sum thus found, the widow must pay the proportion which the present value of an annuity for her life, equal to one third of the rents and profits, bears to the value of the whole parcel conveyed to her husband.

·THIS was an action of dower ; in which the wife of *Stephen Carll*, from whom she had been divorced for adultery committed by him, sued for her dower in one acre of land.

It appeared that in 1813 one *Ephraim Holmes* mortgaged a tract of land, including the acre in question, to *John Coffin Jones ;* and in 1814 conveyed the acre in fee, with general warranty, to *Carll.* In 1817, the last payment from *Holmes* having become due, *Jones* brought a writ of entry on his mortgage against one *Prescott* as tenant in possession ; and having obtained judgment, the writ of *habere facias* was put into the hands of *Carll*, who was a deputy sheriff, for service ; who made return in 1818 that he had put *Jones's* attorney into possession of the premises, having removed *Prescott* and his effects therefrom. In 1821 *Carll* conveyed the acre, by deed of release and quitclaim, to the tenant ; who, in 1822, obtained a similar deed of conveyance from *Jones*, the mortgagee.

The demandant was lawfully married to *Carll* in 1819 ; and it appeared that he was in actual possession of the acre at the time of

the commencement of *Jones's* action against *Prescott*, and so continued till the latter part of the year 1821.

Upon this evidence a nonsuit was entered by *Parris J.* subject to the opinion of the court upon the question whether the demandant was entitled to dower.

*Williamson*, for the demandant, contended that the entry of *Jones* did not operate against *Carll ;* because it was only into the portion occupied by *Prescott*, against whom alone he had brought his action. *Groton v. Boxboro*, 6 *Mass.* 53*;* 4 *Dane's Abr.* 191, *sec.* 24*; Varnum v. Abbot*, 12 *Mass.* 474 *; Fosdick v. Gooding*, 1 *Greenl.* 50.

He further argued that the tenant could not claim under the mortgage, the release from *Jones* to him having extinguished it. *Barker v. Barker*, 17 *Mass.* 554 *; Gibson v. Crehore*, 5 *Pick.* 149 *; Bolton v. Ballard*, 13 *Mass.* 227 *; Snow v. Stearns*, 15 *Mass.* 280 *; Collins v. Torrey*, 7 *Johns.* 277.

*Brown*, for the tenant, cited *Holbrook v. Finney*, 4 *Mass.* 568 *; Bird v. Gardiner*, 10 *Mass.* 364.

WESTON J. delivered the opinion of the Court.

In *Bird v. Gardiner*, cited by the counsel for the tenant, *Sewall J.* states that it is well settled that a wife is not dowable of an equity of redemption ; but he there means, as is very manifest, as against the mortgagee or his assigns, whose title commenced before the seisin of the husband. That a widow may be endowed, notwithstanding an outstanding mortgage, under which the tenant does not claim, although such mortgage, so long as it remained unextinguished, would defeat her claim in favor of those holding under it, has been repeatedly recognized in *Massachusetts* ; and in this State in *Smith v. Eustis & al. (ante p.* 41. *)*The mortgage in evidence in the present case was made before the seisin of the husband, and his title was derived from the mortgagor. If therefore the tenant holds under the mortgagee, he has a good defence against the demandant's claim of dower. Prior to this action, the mortgagee for a valuable consideration released to the tenant ; but as the latter had previously taken a conveyance from the husband of his interest, and thus become

the owner of the equity of redemption in the land demanded, it is insisted that the release to him by the mortgagee operated not as an assignment, but as an extinguishment, of the mortgage. And the cases of *Bolton v. Ballard* and of *Snow v. Stearns* are cited in support of this position. But the former of these cases was decided upon the ground that the mortgage was paid with the husband's money, a part of the consideration of the purchase from him being by express agreement reserved and applied to this purpose. And in the latter case, the sum due on the mortgage was paid, not by the tenant, but by the administrator of the grantor of the husband. Here the sum paid to the mortgagee, was the tenant's own money. It was not paid with a view to extinguish the mortgage, or to pay the debt due thereon, but to purchase the land, after the right to redeem was understood to be foreclosed. To regard this purchase as an extinguishment of the mortgage, would be to give a construction to the deed, which neither party could have intended.

In *Gibson v. Crehore*, 3 *Pick.* 475, it is laid down by *Parker C. J.* that "where the purchaser of a right to redeem takes an assignment, this shall or shall not operate as an extinguishment of the mortgage, according as the interest of the party taking this assignment may be, and according to the real intent of the parties." And the learned Chief Justice supports his opinion, by adverting to several authorities. This principle is repeated by *Wilde J.* in a case between the same parties, 5 *Pick.* 146. And nothing is more equitable. The widow is deprived of nothing, to which she is justly entitled. The purchaser of the equity takes an assignment of the mortgage for himself and not for her. He pays the consideration ; and as she loses nothing by this transaction, she has no equitable claim to be benefitted by it.

In conformity then with the authorities, with the plain intentions of the parties, and with the justice of the case, the deed from the mortgagee must be regarded as a conveyance of the land to the tenant, and an assigment of the mortgage from which his title originated, if a right to redeem still subsisted, in respect to any part of the land. The tenant thus holding under the mortgagee, the demandant's action cannot be sustained at law.

Carll *v.* Butman.

But she has a remedy by a bill in equity, if the right to redeem the land in question has not been foreclosed. An entry to foreclose, by our statute, must be by process of law, or by consent in writing of the mortgagor, or those claiming under him, or by the mortgagee's taking peaceable possession in the presence of two witnesses. It is not pretended that either of the two latter modes was adopted. There was a process and judgment of law, in favor of the mortgagee, to foreclose the mortgage, but it was not against the husband of the demandant, who was then the tenant in possession of the land in question, it having been severed from the other land mortgaged, by the deed of the mortgagor. The husband's rights were therefore unaffected by the process and judgment against the tenant in possession of the residue of the land. According to a former practice, he might have been joined as a tenant in that suit. 4 *Dane's Abr.* 192. But in conformity with later decisions, in order to foreclose his right to redeem, there should have been a separate process and judgment against him. *Varnum v. Abbot & al.* 12 *Mass.* 474; 1 *Greenl.* 50.

But if she would have her dower, she must pay her just proportion of the sum due on the mortgage. *Swaine v. Perine,* 5 *Johns. Chan.* 482; *Gibson v. Crehore,* 5 *Pick.* 146. As the value of the whole tract mortgaged, is to the whole sum due on the mortgage, so would the value of the acre, of which the husband was seised, be to the amount which that acre should contribute. And of this last sum thus ascertained, the widow would be holden to pay the proportion, which the present value of an annuity for her life, equal to one third of the rents and profits, might bear to the value of the whole acre in which she has a claim to be endowed. The rights of the widow may be adjusted by the parties upon these principles; or she may enforce them by a bill in equity. But the nonsuit, directed by the judge in this action, must stand; and the tenant be allowed his costs.