## LUCINDA VAN VRONKER *vs.* ZEBINA EASTMAN.

Under the Rev. Sts. *c.* 107, § 18, which provide that a party who is entitled to redeem mortgaged land may bring a suit, by bill to redeem, at any time within the three years limited for the redemption, the filing of such bill is the commencement of the suit.

A wife who executes, with her husband, a mortgage of his land, and releases her right to dower therein, is entitled to redeem, after his death, and take her dower, by paying her due proportion of the mortgage debt; and this proportion is to be adjusted according to the value of her life estate in one third, compared with the value of the residue of the estate, including the reversion in her third part.

A. made and caused to be recorded, pursuant to *St.* 1819, *c.* 156, a written contract with V. to erect a house on V.'s land and furnish the materials : After A had erected the house, V. mortgaged said land, and his wife executed the mortgage deed and released her right to dower; the mortgagee not being aware of said contract between A. and V.: A. afterwards caused the house to be sold, under the provisions of said statute, and the assignee of the mortgage purchased it, and paid therefor $500 : After V.'s decease, his widow brought a bill in equity to redeem the mortgaged estate. *Held,* that she was entitled to redeem, on paying her due proportion of the mortgage debt, without paying any part of the $500 which the assignee of the mortgage had paid as aforesaid; and that she was thereupon entitled to dower in the land and house.

Where the assignee of a mortgage, made to secure payment of a note for $700 in two years with interest semi-annually, took possession of the mortgaged premises under a judgment, after the expiration of the two years, and received rents and profits, and the widow of the mortgagor afterwards brought a bill in equity to redeem, it was *held* that in computing the sum due on the mortgage, annual rests should be made ; that the sums paid by the defendant, the first year, for repairs, taxes, &c. should be deducted from the gross rents received by him, and the balance be taken as the net rents ; that the interest on the note, for the first year, should be added to the principal, the net rent be deducted from the aggregate, and the balance become a new ˉprincipal ; and so from year to year, to the time of judgment.

THIS was a bill in equity, filed on the 29th of December 1841, in which the plaintiff alleged that her deceased husband, Henry Van Vronker, on the 9th of December 1831, while she was his wife, was seized of a parcel of land in Lowell, with the buildings thereon, and made a mortgage deed of the same, on said day, to Daniel Wild, jr. to secure payment of a promissory note, made to said Daniel by said Henry, for $700, payable in two years with interest semi-annually ; that the plaintiff executed said deed, with her said husband, and thereby, as against said Daniel and his assigns, released all claim to dower in said mortgaged premises : That on the 14th of December 1831, said Daniel as-

14

signed the said mortgage and note to the defendant for a valua-
ble consideration : That said Henry died on the 3d of March
1836, leaving the whole principal of said note due and unpaid :
That at the March term 1838, of the court of common pleas
in this county, judgment was rendered in favor of Zachariah Shel-
don, upon his petition for the benefit provided by the statute re-
lating to the lien of mechanics and others, and it was thereupon
ordered and decreed by said court, that the estate of said Henry
and his heirs should be sold according to said statute, and that
a warrant for the sale thereof was issued, which warrant was
executed on the 28th of July 1838, by a sale thereon of all the
right, title and interest, which said Henry and his heirs had in
said parcel of land, to the defendant ; which right, title and in-
terest were conveyed to the defendant by the officer who exe-
cuted said warrant : That the defendant, on the 2d of January
1839, under and by virtue of said last mentioned sale and con-
veyance, and by virtue of said mortgage, entered upon and had
ever since held possession of said land, receiving and appropri-
ating to his own use all the rents and profits thereof: That the
plaintiff had never released her right of dower in said mortgaged
land and buildings, except as against said mortgage, and was
entitled to have dower therein, and in the equity to redeem the
same : That she, on the 2d of January 1839, and on divers
days before and since, had offered and tendered to the defend-
ant to redeem said mortgage, and that she still desired and was
ready to pay to him such sum as might be found due from her,
for and towards such redemption, or to contribute thereto, in
such manner and proportion, and to perform such condition in
the premises, as the court might require of her : That the de-
fendant denied her right to dower in said equity of redemp-
tion, and refused, though requested, to exhibit any account, or
otherwise to account to her for the rents and profits of said es-
tate ; excluded her from said estate ; and was proceeding to
make the title thereto absolute, under said mortgage, to the
exclusion of the plaintiff.

The prayer of the bill was, that the defendant might make
answer on oath, and that the plaintiff might be at liberty to

redeem said estate, or to contribute towards the redemption thereof.

The defendant in his answer (admitting most of the allegations in the bill) averred that the plaintiff, after her husband's death, remained in possession of the mortgaged premises until January 2d 1839, though the whole principal of the sum, for which they were mortgaged, was due and unpaid; that her husband's estate was insolvent; that while the plaintiff was in possession of the premises, viz. on the 25th of February 1838, the defendant brought a suit against her, to recover possession of said premises, for breach of the condition of said mortgage, and for the purpose of foreclosure, and recovered conditional judgment against her, for possession, at the September term 1838, of the court of common pleas; that at the time when said judgment was rendered, $818·41 was the sum due on the mortgage; and that the costs of suit were taxed at $13·78: That on the 12th of December 1838, the amount due on the mortgage remained unpaid, and the defendant then sued out a writ of possession, on said judgment, on which writ he was duly put into possession of the mortgaged premises on the 3d of January 1839, and had since been in peaceable possession, till service upon him of the plaintiff's bill; no tender, nor request to render an account, having been made on him by the plaintiff, or in her behalf: That Henry Van Vronker, the plaintiff's husband, on the 1st of September 1831, made a written contract with Zachariah Sheldon, wherein said Sheldon covenanted with him to erect a dwelling-house on said premises, and furnish materials for the same, and said Henry covenanted with said Sheldon to pay him therefor $1250 in certain specified instalments; which contract was duly recorded in the registry of deeds, on the 23d of November 1831, and before the date of said mortgage: That said Sheldon, pursuant to said contract, erected and finished the house, which was accepted by said Henry; whereby, and by force of the statute in such case made, said Sheldon had a lien upon said land, and proceeded to enforce the same by petition, judgment and sale, as in the plaintiff's bill is stated: That the defendant purchased the premises at said sale thereof, for the

sum of $500 ; the sum due to said Sheldon being $424·27, and the cost of process $18·03 : That the defendant did not enter upon the premises by virtue of the deed received of the officer who made said sale, but solely by virtue of the mortgage.

The defendant further averred, that when the mortgage was assigned to him, and for a long time after, he had no knowledge of said contract and claim of Sheldon, but believed the premises to be free of all incumbrances prior to the mortgage, and was compelled, in order to save his rights under the mortgage, to remove said Sheldon's incumbrance : That $500, so as aforesaid paid by the defendant, together with the amount due on the mortgage, was the full value of the premises ; and that he was ready to release the premises to the plaintiff, on her paying said sums, with interest thereon, deducting the amount of rents and profits received by him over and above the sums that he had expended in reasonable repairs and improvements, and paid for taxes and other necessary expenses in the management of the premises.

The defendant denied the plaintiff's right to redeem said mortgage, because he had been in peaceable possession, for condition broken, more than three years before the service of the subpœna on him in this suit ; but if the court should hold otherwise, then he insisted that $500, paid by him as aforesaid, should be added to the amount due on the mortgage. He also denied that the plaintiff had ever called on him to render an account.

This case was heard on the bill and answer.

S. Ames, for the plaintiff. The plaintiff has a right to redeem ; Gibson v. Crehore, 3 Pick. 475 ; Eaton v. Simonds, 14 Pick. 98 ; and the only question is, how much she shall pay The incumbrance of the mechanics' lien, under St. 1819, c. 156, does not affect her right ; for she holds her dower discharged of all incumbrances created by her husband. Co. Lit. 46 a. Fitz. N. B. 150. 1 Cruise's Digest, Tit. 6, c. 3, § 40. Park on Dow er, 237. And she is entitled to dower in the improvements made on the land by her husband, before he alienated it. The earliest period of the conditional alienation was Nov. 23d 1831,

when the contract with Sheldon was registered ; at which time the house (as the plaintiff is prepared to prove) was finished But if the date of that contract were the time of the conditional alienation, yet the plaintiff would be entitled to dower in the improvements.  The rule, which excludes from dower in improvements, applies only to a purchaser who makes them after he has paid for the estate.  *Powell* v. *Monson & Brimfield Manufacturing Co.* 3 Mason, 459.  The *absolute* alienation, by foreclosure, was not made till after the improvements were completed ; and dower is to be taken according to the value of the land at the time of such alienation.  *Hale* v. *James,* 6 Johns. Ch. 258.  Foreclosure operates as a new purchase.  *Goodwin* v. *Richardson,* 11 Mass. 469.

*Robinson,* for the defendant.  If the plaintiff is entitled to dower at all, the $500 paid on Sheldon's process is first to be deducted from the value of the estate, or she is first to pay her proportion of that sum.  The mechanics' lien was paramount to the defendant's right under the mortgage ; and as Sheldon could hold against the defendant, the defendant, having removed that lien, can hold to the amount thereof against the plaintiff.  See *Gore* v. *Brazier,* 3 Mass. 544.  *Ayer* v. *Spring,* 9 Mass. 8, and 10 Mass. 80.  *Catlin* v. *Ware,* 9 Mass. 218.  *Webb* v. *Townsend,* 1 Pick. 21.

WILDE, J.  Upon the facts alleged and admitted by the bill and answer, we are of opinion, that the plaintiff is entitled to redeem the mortgaged premises, by paying her due proportion of the mortgage debt.  The bill was filed within three years after the defendant took possession of the premises under his judgment against the plaintiff for possession ; and this unquestionably was the commencement of the present suit, and sufficient to prevent the foreclosure of the mortgage, as to the plaintiff's right in equity to redeem the same.

The only remaining question is, upon what terms the plaintiff has a right to redeem the mortgage.  The defendant's counsel contends, that she is bound not only to pay her proportion of the mortgage debt, but also of a preëxisting lien on the estate, which the defendant, to protect his mortgage,

has been compelled to pay. But there is no ground for such a claim. The preëxisting lien, and the consequent building and improvement of the premises, were created and made by the plaintiff's husband, and she clearly is not bound by the lien, and is entitled to her dower in the premises, including the building and improvements made thereon by her husband If the defendant had no knowledge of the lien, as he alleges in his answer, it was his misfortune ; but this does not affect the plaintiff's right. We are therefore of opinion that the plaintiff is entitled to dower, and has a right to redeem the mortgage, by paying her due proportion of the mortgage debt.

The case is accordingly referred to a master, to state an account, ascertaining the amount due on the mortgage, and to ascertain and report the value of the plaintiff's right of dower, as compared with the residue of the estate, including the reversion after the decease of the plaintiff. If the plaintiff had an estate in fee, in one third of the mortgaged premises, she would be bound to pay one third of the mortgage debt and interest. But as she has only a life estate in the dower, the payment of the full third part would be unjust. The value of her life estate is to be adjusted by taking into consideration her age, and the state of her health, and by ascertaining the value of the residue of the estate, including the reversion of her third part ; and her proportion of the debt she is bound to pay will be according to the proportional value of her estate, and that of the defendant. *Swaine* v. *Perine*, 5 Johns. Ch. 493 *Gibson* v. *Crehore*, 5 Pick. 162.

---

At the October term 1844, the master to whom this case was referred returned his report, in which he had stated an account, &c., as directed by the court, and found due on the mortgage, after deducting the rents, &c., the sum of $639·37. He also reported that the plaintiff should pay $150·43 of said sum.

The defendant excepted to this report, because the master " adopted the following method of calculating interest. *First*,

he has calculated the amount due on the note, without interest, to October 1st 1844, the day of the date of said report. *Secondly*, he has taken an account of the expenses for repairs, with interest from the time of the respective payments *Thirdly*, he has taken an account of the rents and profits, with interest from the date of each item, and has then added together the two former sums, and subtracted the latter: Whereas he should have calculated the interest for six months, and then added the expenses for taxes and repairs, and then deducted the rents and profits for six months, so as to make semi-annual rests during the whole time ; by which method the sum of $717·16 was due on said mortgage, on said 1st of October 1838."

*Robinson*, for the defendant, cited *Gibson* v. *Crehore*, 5 Pick. 146. *Dean* v. *Williams*, 17 Mass. 417. *Fay* v. *Bradley*, ⅟ Pick. 194.

*S. Ames*, for the plaintiff, cited *Wilcox* v. *Howland*, 23 Pick. 167. *Greenleaf* v. *Kellogg*, 2 Mass. 568. *Hastings* v. *Wiswall*, 8 Mass. 455. *Reed* v. *Reed*, 10 Pick. 400, 401.

SHAW, C. J.   The account must be reformed by making an nual rests.   1. State the gross rents, received by the defendant, to the end of the first year.   2. State the sums paid by him for repairs, taxes, and a commission for collecting the rents,* and deduct the same from the gross rents, and the balance will show the net rents to the end of the year.   3. Compute the interest on the note for one year, and add it to the principal, and the aggregate will show the amount due thereon at the end of the year.   4. If the net annual rent exceeds the year's interest on the note, (as it will,) deduct that rent from the amount due, and the balance will show the amount remaining due at the end of the year.   5. At the end of the second year, go through the same process, taking the amount due at the beginning of the year as the new capital to compute the year's interest upon.   So to the time of judgment.

* See 5 Pick. 161.   16 Pick. 51.