Lallement v. Detert.

## LALLEMENT v. DETERT, *Plaintiff in Error.*

**Homestead, Assignment of : SETTING ASIDE REPORT : EXECUTION.** The object of appointing appraisers to set out the homestead in a parcel of land upon which a levy is made, is that the exemption may be fixed and located before sale. If the execution debtor objects to the assignment, he should make his motion to set aside the report in the court whence the execution issued, and before a deed is made. The report cannot be questioned in a collateral proceeding.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*A. R. Taylor* for plaintiff in error.

(1) Upon the evidence the plaintiff failed to show title as against the defendant and the court should have given the instruction asked by defendant. (2) The introduction of the appraisers' report and the sheriff's deed in evidence was error, because the appraisers' report did not show affirmatively that they had either assigned the execution debtor eighteen square rods or a homestead of the value of three thousand dollars. Ejectment or judgment in ejectment cannot be had until homestead has been assigned. *Crisp v. Crisp,* 86 Mo. 630. (3) The report of the appraisers must show affirmatively that their acts as such are in compliance with the statute. (4) This question goes directly to plaintiff's source of title. The correct action of the commissioners was necessary to assignment of homestead, and to sever it from the residue of the realty, and

until done, the homestead, notwithstanding the sheriff's sale, still remains in the execution debtor. And this question may be raised in the ejectment proceedings. *Rogers v. Marsh*, 73 Mo. 69; *Kelsey v. Frazier*, 78 Mo. 114.

*Rassieur & Schnurmacher* for defendant in error.

(1) The report of the appraisers is a sufficient compliance with the law. Every reasonable intendment will be given to such reports and proceedings to sustain them, even though hypercritically informal. *State v. Steel*, 11 Mo. 553; *State ex rel. v. Still*, 11 Mo. App. 283; *Howard v. Still*, 14 Mo. App. 584. (2) The court properly excluded the evidence offered to contradict the action of the appraisers. Even if the report were insufficient, it cannot be assailed in this collateral proceeding. It is the judgment of a tribunal which had jurisdiction of the matter. That judgment was not questioned at the proper time, and in the proper manner, by motion or otherwise, and is now final. *Barney v. Leeds*, 54 N. H. 142; *Fletcher v. Bank*, 37 N. H. 369; *Thrasher v. Bettes*, 53 Ga. 407; *Cummings v. Burleson*, 78 Ill. 281; Thompson on Homesteads, sec. 667. (3) Nor was the evidence admissible under the pleadings. The answer was merely a general denial. Under it, only such proof was proper as would *defeat* plaintiff's title. But even to have sold under the execution, without setting apart *any* homestead would not have invalidated the sale. *Crisp v. Crisp*, 86 Mo. 630; *Kersey v. Garton*, 77 Mo. 645; Bliss on Code Plead. (1879) secs. 327, 352. (4) The judgment, levy and sale being valid, a subsequent defective return of the sheriff's proceedings could not affect the title acquired by plaintiff as purchaser. *Buchanan v. Tracy*, 45 Mo. 437; *Wheaton v. Sexton*, 4 Wheat. 503; *Cabell v. Grubbs*, 48 Mo. 353.

BLACK, J.—This is an action of ejectment for a parcel of land in the city of St. Louis. The question in the case relates to the validity of an assignment of a homestead. The plaintiff claims title by virtue of a sheriff's deed, which is based on an execution issued upon a judgment in favor of Dominick and Joseph Lallement against Francis Poupeney for $1,695.86. The sheriff levied upon a parcel of land, of which the parcel in suit is a part only. The appraisers, appointed by the sheriff to set off a homestead, made report in which they say, after reciting the execution and giving a description of all the property levied upon, and stating that they had been duly sworn, " we viewed the premises, and have set out the following, a part of said lot above described, to said Francis Poupeney, as a homestead, to-wit (describing the same), including the two-story brick dwelling thereon, said property as described being within the quantity of ground and in value the amount prescribed by statute."

The sheriff released the levy as to the land so set out as a homestead, and sold that part of the residue now in suit to the plaintiff and executed a deed therefor. The law provides that the homestead in cities, like St. Louis, shall not exceed eighteen square rods of ground, or exceed the total value of three thousand dollars. The objection is that this report is void because it does not state that the property set out, being less than eighteen square rods, was of the value of three thousand dollars, that by reference to the statute for value it simply states a conclusion, not the facts showing a compliance with the law. Defendant also offered to show that the property set out was of no greater value than sixteen hundred dollars, but the court excluded the evidence.

The very object of appointing the appraisers to set out the homestead is, that the exemption may be fixed and located before a sale. If the execution debtor

objected to the assignment, he should have made his motion to set aside the report in the court whence the execution issued, and that, too, before a deed was executed. He cannot be heard to question the report in this collateral proceeding. The objection is, at best, technical. But for the reasons stated the objection to the report of the appraisers was properly overruled, and the offered evidence was also properly excluded.

The judgment is affirmed. RAY, J., absent. The other judges concur.