## MEYER v. NICKERSON, *Appellant.*

1. **Homestead, Duty of Appraisers in Locating:** EXISTING INCUMBRANCES. It is the duty of appraisers and the right of the execution defendant to have any existing incumbrance taken into account in locating the homestead and determining its extent.

2. ———: ———: PRACTICE: COLLATERAL ATTACK. If existing incumbrances are not taken into account in locating the homestead, the remedy of the execution defendant is to proceed, by motion, in the same cause, to have it done. If he does not thus directly attack the designation of his homestead, he cannot afterwards, in a collateral proceeding, have the action of the appraisers reviewed.

*Appeal from the Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

THIS is an action of ejectment for a tract of land in Chariton county. Plaintiff claims title under a sheriff's deed conveying to him thirty-five acres regularly levied upon and sold as the property of defendant to satisfy certain judgments of the circuit court.

The answer admits defendant's possession and justifies it by alleging the following facts: "The land in controversy is part of eighty acres owned by defendant Nickerson, to which he has had a recorded title deed for thirty years, and upon which he has resided with his family continuously, since, as a housekeeper and head of a family, claiming said eighty acres as his homestead. At the time of the levy of the executions under which said thirty-five-acre parcel was sold and

bought in by plaintiff, the entire eighty acres did not exceed in value the sum of twenty-two hundred dollars, and was at that time subject to valid and subsisting mortgages and deeds of trust aggregating more than sixteen hundred dollars; that defendant's homestead rights were acquired long prior to incurring the indebtedness, to satisfy which said thirty-five-acre parcel was sold to plaintiff, as aforesaid, and that defendant is entitled to homestead in his equity of redemption to all of said eighty acres, the same being of less value than fifteen hundred dollars."

To this answer, plaintiff filed a reply, which, by not denying, concedes the truth of the matters pleaded by defendant, but sets up: That at the October term, 1885, of said Chariton county circuit court, at which the sale was had under which plaintiff bought said thirty-five acres of land, defendant Nickerson, before said sale, filed his motion to quash the levy of the sheriff and release said land, claiming the same exempt, as part of his homestead. That, upon the hearing of said motion, evidence was offered for and against the same, and that the order of said circuit court, overruling said motion, was decisive of the matters pleaded by defendant in his answer to the petition in this case.

Upon the one issue, whether or not the defense set up in the answer had been adjudicated and finally determined upon the hearing of said former motion to quash the sheriff's levy, the case was submitted to the court below, resulting in a finding and judgment for the plaintiff. From that judgment, defendant has appealed.

*A. W. Mullins* and *Crawley & Son* with *A. W. Johnson* for appellant.

(1) The judgments against defendant were not liens as to his homestead; there being only eighty acres of the land, if the value thereof, after deducting

the amount of incumbrances, did not exceed fifteen hundred dollars, the sale of the part of it in question by the sheriff and his deed to the plaintiff did not confer upon the latter any title thereto. R. S. 1879, secs. 2689, 2690, 2691; *State ex rel. v. Mason*, 88 Mo. 222; *Beckman v. Meyer*, 75 Mo. 333, and cases cited; *Holland v. Kreider*, 86 Mo. 59; Freeman on Judgments, sec. 355; Freeman on Executions, sec. 249, pp. 388-9. (2) The trial court erred in holding that defendant could not avail himself of the defense set up in his answer for the alleged reason that those matters were *res judicata*. R. S. 1879, sec. 3557; *Spradling v. Conway*, 51 Mo. 51; *Russell v. Place*, 94 U. S. 606; *Fink v. Renwick*, 33 Mo. 624. (3) The matter of incumbrances upon the homestead was not considered by the court in deciding upon the motion, and refusing to quash the levy. Unless it affirmatively appears that they were considered, defendant is not concluded by it. *Russell v. Place*, 94 U. S. 606. A sale of any part of the homestead exemption could confer no title upon the purchaser; and it is immaterial whether the defendant claimed his homestead rights or not, and no acts of the sheriff or appraisers appointed by him could take away or divest defendant of his homestead rights. And the fact, in this case, that forty-five acres were set off to defendant for his homestead, when under the law he was entitled to the eighty acres owned by him, and the sale of the thirty-five acres by the sheriff, did not pass any title thereto as against the defendant. *Beckman v. Meyer*, 75 Mo. 333, 336-7; *Paddock v. Lance*, 94 Mo. 283, 285; *State to use v. Harrington*, 33 Mo. App. 483; *State ex rel. v. Mason*, 88 Mo. 222; *Holland v. Kreider*, 86 Mo. 59. And such is the rule of decisions elsewhere. *Green v. Marks*, 25 Ill. 221; *Smith v. Allen*, 39 Miss. 469; *Smith v. Rumsey*, 33 Mich. 191; *Black v. Epperson*, 40 Tex. 162; *Danforth v. Beattie*, 43 Vt. 138.

*Lander & Ellington* for respondent.

In whatever light the case presented by this record, and the points made thereon, may be viewed, the one important and controlling fact has not been, and cannot be, concealed, that appellant's only effort in the case is to assail, in this collateral manner, the report and action of the appraisers appointed by the sheriff to set out appellant's homestead. This we claim cannot be done in this action. *Lallement v. Detert*, 96 Mo. 182.

BARCLAY, J.—The facts of this case, upon which the judgment of the trial court was had, and upon which ours is asked, are conceded.

Plaintiff is the purchaser at a sheriff's sale, had upon execution regularly issued and levied on lands of the defendant. After the levy, a claim of homestead having been made by defendant, the sheriff, having the execution in charge, appointed appraisers to set apart such homestead of defendant. This they did, and made report thereof in due form, designating the homestead particularly ; of which facts, and of his subsequent sale of the remainder of the land levied upon, according to law, the sheriff made due return upon the execution. R. S. 1889, sec. 5436. Plaintiff was the purchaser at that sale. Defendant afterwards made a motion to quash the levy and sale so made, but his motion was overruled.

The present contention of defendant is that, in estimating and establishing his homestead, regard should have been had to certain incumbrances upon it which the sheriff's appraisers ignored in setting it apart ; but the answer to this claim is that, under the statute on the subject and a prior decision of this court, the action of such appraisers, in fixing the boundaries and extent of a homestead, is conclusive on the parties to the cause in which they have so acted, when their action

in that cause becomes final. *Lallement v. Detert*, 96 Mo. 182.

Under sections 5436 and 5437 (R. S. 1889), it is, obviously the duty of such appraisers, and the right of every execution defendant, to have any existing incumbrance taken into account in locating such homestead and determining its extent. *State ex rel. v. Mason*, 88 Mo. 222. If this is not done, the remedy of the execution defendant is to proceed by motion, in the same cause, to have it done. If he does not thus directly attack such designation of his homestead, he cannot afterwards, in a collateral proceeding, have the action of the appraisers reviewed.

It follows, therefore, that the judgment of the trial court was for the right party on the conceded facts. It is accordingly affirmed, with the assent of all the judges.