## ALVY LOU MARTIN v. LULU MARTIN et al.; LULU MARTIN, Appellant.

Division Two, April 5, 1926.

1. **PARTITION: Homestead: Dower.** Dower may be merged in the homestead, but the homestead cannot be merged in the dower. Where the widow's dower far exceeds her homestead in area, the commissioners in partition must set out the dower, but in doing so they must first set out the homestead, and from the residue of the real estate they must admeasure her dower, the dower thus set out being diminished by the amount of her interest in the homestead; and if her interest in the homestead equals or exceeds one-third of her entire interest in the lands of which her husband died seized, no dower shall be assigned to her.

2. ———: ———: **During Minority of Children.** In partition the fixing of the boundaries of the homestead is a mandatory duty, and having been fixed the widow has a life estate therein, unless she remarries, and the minor children an estate during their minority; this having been done, if she remarries or dies before the children reach their majority, the homestead cannot be partitioned during the minority of the children.

3. ———: ———: **Encumbrance.** If the homestead is burdened with a mortgage at the homesteader's death, although executed by him and the widow, the commissioners in partition, in setting off the homestead, must take the encumbrance into account, and deduct its amount from the value placed upon the encumbered land and assign homestead in the excess.

4. ———: ———: ———: **Ignored: Assigned as Dower.** The commissioners in partition violate the statute if they ignore the homestead and the encumbrance on the tract in which it exists, and the encumbrances on other tracts, and instead place an arbitrary value on the land in which dower is assigned as one-third of their esti-

mated value of the two hundred and seventy-five acres of which the husband died seized of an estate of inheritance.

5. ———: Encumbrances: Valuation of Lands. In estimating the value of all the lands of the decedent, consisting of two hundred and seventy-five acres, wherein was his homestead, when all are brought into partition, the value of the encumbered tracts should be diminished by the encumbrance on each, the widow and heirs being only entitled to the equity of redemption.

6. ———: ———: Payment: Burdening Dower with Portion: Right of Redemption: Expectancy Rule. All of decedent's lands having been sold under the decree in partition except the tract set apart to the widow as dower, and all the separate encumbrances on said other tracts having been paid out of the moneys received for them, and the balance having been ordered to be distributed among his heirs, it was error to require the widow to pay the encumbrance on the tract set apart to her as dower, and to further require her to pay to the heirs one-third the present value of the intestate's entire indebtedness as her "expectancy" and as a condition precedent to her right to dower. The encumbrances on all the other tracts having been paid out of the proceeds of the sale, no question of a right to redeem arises; and as the widow did not attempt to claim any interest in the other encumbered tracts, no basis exists for burdening her or the tract set off to her as dower with any portion of the extinguished separate encumbrances on them. The rule that where the heir pays a mortgage and the widow has dower therein, he is entitled to contribution from her to the extent of her interest, usually one-third of the interest on the amount due, calculated at its present value according to her life expectancy, has no application to such a case. That rule cannot be applied to encumbrances on tracts to which the widow neither asserts nor is assigned dower, although she joined in the mortgages thereon; if applicable at all under our statutes, it can be applied only to transactions which concern mortgaged property assigned to her as dower. ·

Dower, 19 C. J., Section 10, p. 460, n. 37, 40 New; Section 379, p. 582, n. 38; Section 412, p. 594, n. 51, 53 New. Homesteads, 29 C. J., Section 2, p. 782, n. 10, 12; Section 508, p. 1017, n. 66; Section 522, p. 1027, n. 1; Section 530, p. 1031, n. 69, 71 New; Section 550, p. 1040, n. 56, 58, 60 New; Section 551, p. 1041, n. 83. Partition, 30 Cyc., p. 187, n. 57.

Appeal from Schuyler Circuit Court.—*Hon. N. M. Pettingill*, Judge.

REVERSED AND REMANDED.

*E. E. Fogle* for appellant.

(1) Appellant was entitled to dower in all the land of which her husband died seized of an estate of inheritance, including the encumbered land. R. S. 1919, sec. 315; Casteel v. Potter, 176 Mo. 76. (2) Dower is highly favored in equity, and the doweress is a favorite of the law. 1 Cord on Leg. & Equit. Rights of Married Women (2 Ed.) sec. 489. (3) If the husband owns land and encumbers it, the wife joining in the encumbrance, and the land is sold without foreclosing the encumbrance, the wife not joining in the sale, and the debt is paid out of the proceeds of said sale, the wife retains her dower. Atkinson v. Stewart, 46 Mo. 510; Casteel v. Potter, 176 Mo. 76. (4) If there was sufficient of the unincumbered land to pay the debt on the dower land, then the dower land should have been discharged of its debt. Smith v. Stevens, 164 Mo. 415.

*Higbee & Mills* for respondent.

The court correctly required appellant to contribute her proportionate part towards the liquidation of the mortgage indebtedness. They were separate deeds of trust covering separate tracts of the land; one hundred acres were unencumbered. She joined in the execution of the trust deeds; they were therefore superior to her dowable estate. By requiring her to pay to the heirs one-third of the interest on the encumbrances, during her expectancy, reduced to a present cash basis, by computing the same according to the mortality tables, the court followed the authorities of this and other states. 14 Cyc. 920-922; 17 C. J. 482; Adams v. Adams, 183 Mo. 396; Swaine v. Perine, 5 Johns Ch. 491; Bell v. New York, 10 Paige, 71; House v. House, 10 Paige, 158; Bank v. Owens, 31 Mo. 320; Ross v. Boardman, 22 Hun. 527; Greenbaum v. Austrian, 70 Ill. 591; Van Vronker v. Eastman, 48 Mass. 157; Carll v. Butman, 7 Me. 102; Danforth v. Smith, 23 Vt. 247; Russell v. Austin, 1 Paige, 129; McArthur v. Franklin, 16 Ohio St. 208; Harper v. Vaughan, 87

Va. 426; Trowbridge Exr. v. Sypher, 55 Iowa, 352; Scribner on Dower (2 Ed.) chap. 24. (2) The widow, who joined with her husband in the execution of the notes and trust deeds, does not stand as a surety. The court had no power to order the encumbrances paid out of the proceeds of the sale of the unencumbered land. That is what appellant contends should be done. Adams v. Adams, 183 Mo. 410; Scribner on Dower (2 Ed.) chs. 23, 24. (3) Under the common law there is no dower in an equity of redemption. The widow's dower estate cannot exceed the interest of her husband. Harris v. Powers, 129 Ga. 74. (4) If a husband pays off a mortgage the dower interest of his widow is increased proportionately; if his administrator does so, the widow's dower rights increase correspondingly, because the administrator stands in decedent's shoes in that regard. But the widow has no right to demand that such payment be so made in order to protect her dower. 17 C. J. 482; 14 Cyc. 922; Adams v. Adams, 183 Mo. 409.

WALKER, P. J.—This suit was brought in the Circuit Court of Schuyler County, June 8, 1922, to partition certain land owned by James A. Martin at the time of his death, consisting of two hundred and seventy-five acres, more or less, situate in Schuyler County and described as follows:

The northwest fourth of the southwest quarter of Section 13, also the southeast fourth of the northwest quarter and the south half of the southwest quarter (except five and one-half acres in the southeast corner thereof) of Section 14, also the south half of the northeast fourth of the southeast quarter and the east half of the southeast fourth of the southeast quarter of Section 15, also the east half of the northeast quarter of Section 22, all in Township 66, Range 14.

James A. Martin died seized in fee and possessed of said land and left surviving him his widow, Lulu Martin, and eleven children, viz.: Alvy Lou Martin, Alonzo

F. Martin, Elmer Martin, Clarence Martin, Everett Martin, Dee Martin, Zelman Martin, Effie McNary, Agnes Bounds, Della Wellfort and Ruby Boggs.

At the time of his death James A. Martin occupied said land as a homestead, and his widow and minor child, at the time of the institution of this suit, had a homestead right in the same, and in addition his widow was entitled to a dower interest therein.

During his lifetime James A. Martin executed the following notes secured by deeds of trust, to-wit:

One note, dated January 15, 1918, payable to the order of John C. Mills, for $2,900, with eight per cent compound interest from date, and signed by Clarence Martin, Kate Martin, Lulu Martin and James A. Martin, and secured by a second deed of trust on one of the tracts of the aforesaid land, to-wit: The south half of the southwest quarter of Section 14, Township 66, Range 14; which note was transferred to the defendant, Schuyler County Bank.

One note, dated January 15, 1918, due January 15, 1923, payable to the order of John C. Mills for $2,600, with six per cent interest from date to maturity and eight per cent compound interest thereafter, signed by James A. Martin and Lulu Martin, and secured by a first deed of trust on one of the tracts of the aforesaid land, to-wit: The east half of the northeast quarter of Section 22, Township 66, Range 14; which note was transferred to the defendant, Keokuk Savings Bank.

One note, dated January 15, 1918, due January 15, 1923, payable to the order of John C. Mills for $2,600, with six per cent interest from date to maturity, and eight per cent compound interest thereafter, signed by James A. Martin and Lulu Martin and secured by a first deed of trust on one of the tracts of the aforesaid land, to-wit: The east half of the southeast fourth of the southeast quarter of Section 15, and the south half of the southwest quarter of Section 14, all in Township 66, Range 14; which

note was transferred to the defendant, Hill-Dodge Banking Company.

Prior to the institution of this suit letters of administration on the estate of James A. Martin were issued by the Probate Court of Schuyler County to Clarence Martin, and said administration has ever since been and is now pending.

On June 8, 1922, two days after this suit was brought, the plaintiff, Alvy Lou Martin, and his wife, executed a promissory note, dated June 10, 1922, due on demand, payable to Edward Higbee, for $1,000, bearing eight per cent compound interest from date, and secured by a deed of trust conveying their right, title and interest in and to all the land first above described. This note remains the property of Edward Higbee.

The defendant Dee Martin, when this suit began, was a convict, confined in the State Prison of Iowa, and is represented herein by his trustee, Clarence Martin.

The defendant Zelma Martin is a minor and is represented here by her guardian *ad litem*, Lulu Martin, her mother.

On October 3, 1922, the Circuit Court of Schuyler County made and entered of record its interlocutory judgment, finding and adjudging that James A. Martin, deceased, owned the lands first above described; that his widow, Lulu Martin, was entitled to dower therein; that, subject to her dower and the trust deeds, the heirs were each entitled to an undivided one-eleventh of said lands; and commissioners were appointed to set off the dower and make partition of the same in kind if practicable, and, if not, to so report.

Thereafter, on October 13, 1922, the commissioners filed their report, therein appraising said lands as follows, to-wit: E½ of NE qr., 22-66-14, $8,000; S½ of SW qr. (less 5½ a.) in 14-66-14, and E½ of SE¼ of SE qr., 15-66-14, and S½ of NE¼ of SE qr. of 15-66-14, $9,600; SE¼ of NW qr., 14-66-14, $4,000; NW¼ of SW qr., 13-66-14, $2,400; Total, $24,000.

313 Mo. Sup.—31.

After setting off, as the dower of the widow, the east half of the northeast quarter of Section 22, Township 66, Range 14, the remainder of said land was declared not susceptible of partition in kind, and it was recommended that it be sold and the proceeds distributed among the parties according to their respective interests.

November 11, 1922, the court made and entered of record a judgment wherein it confirmed the report of the commissioners and ordered that the land—except that part set off as the widow's dower—be sold, and the proceeds, after the payment of costs, be applied to the payment of the notes executed by Lulu Martin, and the satisfaction of the encumbrances given to secure the same, and for the distribution of the balance of the proceeds among the parties to this action, according to their interests.

December 27, 1922, the court set aside its judgment of November 11, 1922, and made and entered of record another judgment and order of sale, wherein it confirmed the report of the commissioners and found and adjudged that each heir of James A. Martin was the owner in fee of an undivided one-eleventh of the land described therein, and that Lulu Martin, his widow, was the owner of homestead and dower interests therein, as set off to her by the report of the commissioners, by which there was admeasured to her the east half of the northeast quarter of Section 22, Township 66, Range 14, Schuyler County; and that the land described in the plaintiff's petition, excepting that part set off to the widow as her dower and homestead, was not susceptible of partition in kind; and it was ordered that the sheriff, after notice, sell the land at public sale as therein required and report his proceedings to the court.

Thereafter all of said land (except the dower and homestead tract) was sold by the sheriff for the sum of $13,075, and the sale was approved by the court and a deed executed, acknowledged and delivered to the purchaser.

On January 25, 1923, in its confirmation of said sale, the court adjudged distribution of the proceeds of the sale and particularly set forth the amounts due to the creditor-defendants whose debts were secured by deeds of trust on the land—except that of the Keokuk Savings Bank—which held a deed of trust on the land set apart as the widow's dower. And with this exception the court established the liens of the creditor-defendants and ordered the amounts respectively found to be due to them paid out of the proceeds of the sale, including the amounts arising from the sale of the unencumbered land, consisting of one hundred acres.

Further than this, the court found that the total secured indebtedness was $7,205.92; that of this amount, $1,275.39 (which was the balance then due on the note held by the Keokuk Savings Bank), was a lien on the land set apart as the widow's dower, which amount had not been included by the court in its order of distribution, but was left to be satisfied by the widow; in addition, as a condition precedent to her use and enjoyment of her dower right, it was required that she pay to the heirs of James A. Martin, or their assigns, one-third of the interest, at six per cent per annum, on the entire secured debt, to-wit, $7,205.92, during her expectancy, which amounted, according to the court's computation, to $1,-471.17, with six per cent interest per annum, and an execution was ordered therefor.

I.  One of the requisites to the legal regularity of this proceeding was the setting off of the widow's homestead and the admeasurement of her dower. Her right thereto was recognized in the petition and was pleaded and prayed for in her answer. However, the court, in its interlocutory decree, in the appointing and naming of the commissioners, states that her dower exceeds her homestead interest and directs the commissioners only to "set off to said widow her dower interest in said lands." The commissioners in their report, in conformity with this order,

Assigning
Homestead
as Dower.

simply set off her dower interest in one-third of the land, describing it. This procedure does not conform to the plain provisions of the homestead law, Chapter 46, Sections 5862, 5854, Revised Statutes 1919, defining the duties of the commissioners, and enjoining them, among other things to fix the location and determine the boundaries of the homestead. Further than this, they are required, under Section 5859, Revised Statutes 1919, when the right to dower exists, to set out the same and in so doing they shall first set out the homestead and from the residue of the real estate they shall admeasure the dower, the dower thus set out, being diminished by the amount of the interest of the widow in the homestead and if her interest in the homestead equals or exceeds one-third of her entire interests in the lands of which her husband died seized, no dower shall be assigned to her. Thus it appears, as this court has said, that while the dower may be merged in the homestead, the homestead cannot be merged in the dower. [Quail v. Lomas, 200 Mo. 674; McFadin v. Board, 188 Mo. 688.] This subject received critical and illuminating consideration in Chrisman v. Linderman, 202 Mo. l. c. 620, et seq. If gloss were needed to properly interpret Section 5859 it may be readily supplied from our rulings thereon: Cassity v. Pound, 167 Mo. l. c. 610; Gore v. Riley, 161 Mo. 238; Bryan v. Rhoades, 96 Mo. l. c. 489. These cases hold under the unequivocal terms of the statute that ''the homestead must be first set out; that this is the plain letter of the statute.'' [Bryan v. Rhoades, supra, p. 489.] The commissioners' report as thus made was approved by the court. In the final judgment and order of distribution the court incidentally refers to the homestead and dower interests of the widow in burdening the dower with a pecuniary charge, of which more later. This reference, however, does not cure the court's failure to require the commissioners to set off the homestead, and in not sustaining the exception filed to their report that they had failed to con-

sider the rights and interests of the defendants severally in said lands.

The difference in the character of the widow's interests sufficiently explains the reason for the enactment of the statutes prescribing the course to be pursued by the commissioners and the consequent duty of the court to see that this duty is literally performed.

The statutes of Homestead and Dower are founded upon principles of humanity, beneficent in their nature. Their purpose is to provide a home and a means of subsistence for the widow and minor children.

While a homestead interest in the widow for life, unless she remarries, and in the children during their minority, becomes vested by operation of law upon the death of the husband and father, the fixing of the boundaries of the homestead is, in a proceeding of this character and under the issues clearly submitted by the record, a mandatory duty. The object of the statute in requiring this to be done is that the exemption which the homestead interest creates may be fixed and located. [Lallemant v. Detert, 96 Mo. 182.] Where this has been done and the widow remarries or dies before the children reach their majority the homestead cannot be partitioned by the heirs during the minority of the children. [Brewington v. Brewington, 211 Mo. 48; Armor v. Lewis, 252 Mo. 568, 161 S. W. 251.]

II.   Furthermore, the course pursued by the commissioners, and approved by the trial court, resulted in an incorrect and unfair valuation of the land set off as dower and within the boundaries of which the homestead should have been located. This land, the east half of the northeast quarter of Section 22, Township 66, Range 14, was encumbered by a deed of trust to secure the balance due on a note given by James A. Martin and his wife and it constituted a first lien on the land. The duty of the commissioners under these facts, in setting off the homestead, was to

<span style="float:left">Encumbrance. on Homestead.</span>

take into account the existing encumbrance and deduct the amount of the same from the value placed upon the encumbered land that the homestead might be assigned in the equity of redemption (Houf v. Brown, 171 Mo. 207; Meyer v. Nickerson, 101 Mo. 184; Murphy v. Wilson, 84 Mo. App. 178). Instead of so doing the commissioners ignored the existence of this encumbrance, and those upon other tracts of the land, and placed an arbitrary value on the land in which dower was assigned as one-third of their estimated value of all of the lands of which James A. Martin died seized of an estate of inheritance. The valuation as thus fixed emphasizes the fact that in making it only the matter of the admeasurement of dower was considered.

Not only, therefore, was the trial court in error in not directing the commissioners to set off the homestead interests of the widow and the minor children, but in approving their report as to the manner in which they estimated the valuation of the lands of the decedent and in their failure to set off the homestead.

III. The manner in which the valuation of all of the decedent's lands was measured left the widow's dower interest burdened with an encumbrance of $1,275.39,
<br>
**Encumbrance on Dower.** bearing eight per cent compound interest, or rather, lessened the value of the same by that amount.

This, however, does not constitute the sum of the grievances of the widow against the court's judgment. There were other encumbrances on other tracts of the decedent's lands amounting to $5,930.53; with the encumbrance on the tract assigned as dower the secured debts amounted to $7,205.92. Of this indebtedness provision was made in the final judgment for the payment of all of the same out of the proceeds of the sale of the land, to-wit, $13,075, except that with which the widow's dower was burdened. This was not the limit, however, of the court's equitable exercise of its jurisdiction in adjudicat-

ing upon the interests of the widow and her minor daugh-
ter.  In addition, it was ordered that as a condition pre-
cedent to her receiving her dower and homestead, i. e., in
what was left of the former and the undefined interest in
the latter, she was required to pay to the heirs of James
A. Martin, or their assigns, one-third of the interest at six
per cent per annum on the sum of $7,205.92, the amount of
the secured debts, during her expectancy, which was com-
puted at $1,471.17, and was adjudged to be the present
value of her one-third interest in the total secured debts
of $7,205.92, of which the satisfaction of $5,930.53 of same
had been ordered by payments from the proceeds of the
sale.  In addition, the widow is adjudged to pay the heirs,
or their assigns, the sum of $1,471.17, and that her interest
in the land assigned to her as dower stand charged with
the payment of said sum with six per cent interest per an-
num from the date of the judgment, and that execution
issue in favor of said heirs against her for said sum.

The commissioners, in estimating the value of all of
the land of the decedent, ignored the fact that the value of
the encumbered tracts should be diminished by the
amount of the encumbrances on each, the widow and the
heirs being only entitled to the equity of redemption there-
in.  The ultimate result of this estimate did not pecu-
niarily affect the interest of the heirs because the pro-
ceeds arising from the sale of the encumbered tracts were
ample to satisfy the encumbrances and to leave a surplus
to be paid to the heirs.  No such happy and harmless re-
sult attended the estimate, as affecting the widow's in-
terest.  While ostensibly awarded a one-third interest in
all of the land, she was required to take it, lessened by a
first lien thereon in the sum of $1,275.39, then due, gar-
nished with a condiment of Shylockian flavor of eight
per cent interest per annum, compounded.  Added to this,
as if to submerge her dower in a sea of burdens, the court
required her, before she was entitled to enjoy this shrun-
ken admeasurement, to pay to the heirs the sum of $1,471.-
17, designated in the decree as ''one-third of her interest

at six per cent per annum on the sum of $7,205.92, during her expectancy.''

The fact must not be lost sight of that this sum of $7,205.92, was the sum total of all of the secured debts and included the amount ($1,275.39), adjudged as a first lien on the tract set off as the widow's dower. If there was otherwise any merit in this last lessening of the widow's interest, the inclusion in the total amount of the secured debts of the estate, upon which she was required to pay one-third of the interest, would stamp the adjudication as error. Under this judgment it is not only the interest that she is required to pay on $1,275.39, as a first lien on her dower, but, in addition, the interest on this amount as a portion of the total amount of the secured debts of the estate of her husband.

However, a more comprehensive reason exists why the widow, as a condition precedent to her right to dower, should not be charged with this sum of $1,471.17, as her ''expectancy'' or on any other ground.

In the encumbered land, other than that assigned as the widow's dower, she had no interest; the interest of the heirs therein was limited to an equity of redemption or to a statutory right to redeem. These were extinguished by the sale under the order of the court, the payment of the encumbrances and the setting apart of the surplus to be divided among the heirs, which course, we are authorized in concluding, has received their approval. Their rights were in nowise affected or their interests limited by this proceeding, and there exists no support for the theory of contribution by which the court was evidently moved in the imposition of this burden.

It is contended that this action of the court was authorized under the rule that ''where a person having the right to redeem has redeemed lands from a mortgage which was superior to the dower interest of the widow of the mortgagor, the widow must contribute her ratable proportion of the amount paid before she can be endowed of any portion of the mortgaged lands. To preserve her

Martin v. Martin.

dower the widow must contribute an amount sufficient to keep down the interest on one-third of the amount paid in satisfaction of the mortgage. In other words, she must pay a part of the sum paid upon the mortgage, proportionate to the value of her dower, which will be the interest on one-third of the mortgage debt for her life or a gross sum equivalent thereto." [4 Kent. Com. 163; 14 Cyc., pp. 920, 921 and cases, n. 70.]

The facts at bar render this rule inapplicable here. The widow did not attempt to claim any interest in the other encumbered tracts than the one in which her dower was assigned. No one having a right to redeem these lands has exercised or attempted to exercise this right; and no basis exists for taxing her with a portion of a burden which has not been incurred. In attempting to apply this rule the fact seems to have been overlooked or ignored that these encumbrances were upon different tracts of the decedent's lands. The giving of each of the notes and the pledging of the land in each instance, to secure its payment, was a separate and distinct transaction. As such the rights, interests, liabilities and obligations of the parties were severable, or more verbosely stated, were entitled to and capable of being, in law, separately considered. Thus considered we must, in determining the widow's rights, eliminate from the equation any question as to the debts secured by deeds of trust upon other lands of the decedent than that assigned to the widow as dower. In the latter is her interest centered and to the same are her liabilities and obligations confined. To hold that she must contribute one-third of the interest on the debts secured by deeds of trust on land free from any claims, either of herself or the heirs, smacks not only of injustice, but of an absurdity.

None of the cases cited sustain the contention here made by the respondent.

The facts are altogether different in the case of Adams v. Adams, 183 Mo. 396, from those in the instant case. In that case the plaintiff asked that the unmort-

gaged lands be made to respond to the debt before the land the plaintiff had expressly agreed should be responsible therefor. This court held that the trial court had no power to order the transfer of the mortgage from the mortgaged to the unmortgaged lands, unless defendant's theory of suretyship was well taken; and that no authority had been cited to support such contention. The wife's relation to the mortgage was rather that of releasing an inchoate right of dower the widow had in her husband's property rather than in becoming surety for his debt.

In Smith v. Perine, 121 N. Y. 376, the heir redeemed the land by paying off the mortgage and the widow filed her bill against him for dower, which the court assigned to her on the condition that she pay to the heir, during her life, one-third of the amount paid by him in discharging the mortgage. This case comes clearly within the rule referred to, it being evident that the redemption of the land from the mortgage by the heir entitled him to contribution from the widow to the extent of her interest in the land redeemed.

In Bell v. Mayor of New York, 10 Paige (N. Y.) 1. c. 71, it was held: ''Where the widow is entitled to dower in an equity of redemption and the mortgagee does not wish to enforce payment of the principal of his debt, the rule is that, as between her and the heir or other owner of the equity of redemption, she must contribute sufficient to keep down one-third of the interest on the amount due.''

In Van Vronker v. Eastman, 48 Mass. 157, a mortgagee had taken possession of mortgaged property, and it was held that the wife of the mortgagor was entitled to redeem her life estate upon the payment of legal interest upon one-third of the amount due on the mortgage for the residue of her life.

In Carll v. Butman, 7 Me. 102, it was held that if a widow would have dower in mortgaged premises she must pay her just proportion of the sum due on the mortgage, which is the present value of an annuity for her life equal

to that which one-third of the rents and profits might bear to the whole acre to which she claimed dower.

In Trowbridge v. Sypher, 55 Iowa, 352, it was held that the rights of a widow are not free from her share of liability for a debt of her husband in which she joined in an encumbrance to secure the payment of same on lands in which she is dowable.

In House v. House, 10 Paige Ch. (N. Y.) 158, it was held that where she had joined in a mortgage on her dowable lands, to enjoy the same she must during the residue of her life keep down one-third of the interest upon the amount of the principal debt from the time of her husband's death equal to the then value of an annuity of one-third of the interest on the sum unpaid at the time of her husband's death.

A like rule is announced in McArthur v. Franklin, 16 Ohio St. l. c. 208, and in Harper v. Vaughan, 87 Va. 426.

It will be readily seen in all of these cases that the encumbrance, to the satisfaction of which the widow was required to contribute, was in each instance upon the land to which the widow was asserting a claim to dower, and that the amount she was required to contribute as a condition precedent to the enjoyment of that right was limited to the encumbrance on that tract and was to be paid to some one to whom the encumbrance, paramount to the mortgage, had been made or to whom it had been assigned or who had purchased the same. In short, the rule is held applicable only to transactions which concern the mortgaged property assigned to the widow as dower, and not to other land owned by and which had been separately mortgaged by her former husband.

There is therefore no merit in this contention as attempted to be applied to the facts at bar.

The errors noted necessitate a reversal and remanding of this case that it may be tried and determined in conformity with the conclusions reached herein. It is so ordered. All concur.