JAMES H. LEWELLEN, MAGGIE LEWELLEN, ANNIE TAPLEY AND W. H. TAPLEY, APPELLANTS, v. SUSIE C. LEWELLEN, RESPONDENT.*— 13 S. W. (2d) 565.

St. Louis Court of Appeals. Opinion filed February 5, 1929.

*Corpus Juris-Cyc References: Courts, 15CJ, section 308, p. 920, n. 8; Dower, 19CJ, section 211, p. 534, n. 85.

*W. H. Logan* and *W. W. Botts* for plaintiffs, appellants.

*Russell E. Holloway* for the respondent.

NIPPER, J.—W. B. Lewellen died on April 10, 1923, intestate. At the time of his death he owned certain lots in the town of Laddonia, Audrain county, Missouri. On these lots was located the home in which he lived at the time of his death, and occupied as a homestead. He also owned a farm in Audrain county, and certain other real estate. The said W. B. Lewellen having died childless, and there being no heirs except his wife, his brother J. H. Lewellen, and his sister Mrs. Annie Tapley, the widow elected to take one-half of all his real estate, subject to payment of his debts.

Plaintiffs brought this action in partition in the circuit court of Audrain county. An interlocutory decree was entered by consent of all the parties, ordering the sale, for cash, of all the lands which W. B. Lewellen owned, including the homestead, reserving disposition of the homestead value for determination on the final order of distribution. The estate of the deceased had been fully administered, all debts paid, and the administratrix discharged. Upon the approval of the report of sale of all the real estate, including the homestead, an order or distribution was made in said partition suit. The proceeds of this sale, after deducting the cost and expenses, amounted to $13,889.32, and the widow was given one-half, namely, $6,994.66. From the remaining half the court deducted the sum of $1500, the widow having consented to the sale of the homestead, and ordered the said sum of $1500 impounded for the use of the widow during her natural life or widowhood, and the remainder divided between the brother and sister of deceased. From this order of distribution plaintiffs were granted an appeal to the Supreme Court. The Supreme Court held that under the facts as disclosed by the record, only $1500 was involved, and, therefore, that court had no jurisdiction. Accordingly, the case was transferred to this court for determination.

The contention of plaintiffs on appeal is that the widow's one-half of the proceeds being in excess of the homestead, necessarily included the homestead right, and that was all she was entitled to receive under the law. Appellants also argue in their briefs here that the judgment should be modified so that the $1500 be deducted from the total proceeds and the remainder go one-half to the widow and the other one-half to plaintiffs as collateral heirs.

The judgment of the circuit court, in our opinion, was correct and followed the law as laid down by our Supreme Court, as will be seen by reference to the cases of Adams v. Adams, 183 Mo. 396, 82 S. W. 66; McFadin v. Board, 188 Mo. 688, 87 S. W. 948; Quail v.

Lomas, 200 Mo. 674, 98 S. W. 617. The holdings in these cases are to the effect that when a wife elects to take a half interest in the estate of her deceased husband, as she is entitled to do under the facts as disclosed here, she does not loose her homestead, and that it is not proper, in setting off her interest in the estate in a suit for partition, in an assessment of dower to count her one-half interest of its value and count the homestead as a part thereof. That the widow's homestead cannot be swallowed up by her dower was expressly held in the McFadin case, supra, where a thorough discussion of this question may be found, but the dower may be merged in the homestead. [Martin v. Martin, 313 Mo. 476, 285 S. W. 92.] The appellants argue that the rule laid down in the cases cited is contrary to the spirit and intention of the homestead law. This argument, however, was addressed to the Supreme Court in plaintiffs' original brief. It is unnecessary for us to discuss the question at any great length. Our Supreme Court has decided this question, contrary to appellants' contention, in a number of cases, and it is our duty to follow the decisions of the Supreme Court.

The judgment of the circuit court, being in accordance with the rule of law as laid down in the cases cited, is accordingly affirmed. *Becker, J.*, concurs; *Haid, P. J.*, not sitting.