McFADIN et ux. v. BOARD, Appellant.

Division One, May 24, 1905.

1. HOMESTEAD: Election-Dower: Assignment: Partition. Where the husband, owning a homestead and other real estate, died leaving a widow and one child, and the widow has elected to take one-half his estate, she does not thereby lose her homestead, nor is it proper, in setting off to her her interest in the estate, in a suit for partition and assignment of dower, to ascertain the value of the entire estate left by deceased, and admeasure to her one-half of its value, and count as a part of that value the value of the homestead. The widow's homestead cannot be swallowed up in her dower.

2. ———: ———: Statute. The statute which provides that "if the interest of the widow in such homestead shall equal or exceed one-third interest for and during her natural life, in and to all the real estate of which such head of a family shall have died seized, no dower shall be assigned to such widow," does not apply where the wife elects to take one-half her husband's estate, subject to debts, in lieu of dower. Such election estate in lieu of dower is not the dower referred to in that statute.

McFadin v. Board.

Appeal from Audrain Circuit Court.—*Hon E. M. Hughes,* Judge.

REVERSED AND REMANDED (*with directions*).

*Fry & Rodgers* for appellant.

(1) Upon the death of Thomas Board, July 5, 1902, leaving no minor children, his homestead passed to and vested in his widow, Lucy B. Board. R. S. 1899, sec. 3620; Wilson v. Johnson, 160 Mo. 515. (2) In lieu of dower of the one-third part of all lands whereof her husband died seized of an estate of inheritance (but not in lieu of homestead) Lucy B. Board could elect to take a child's part of such lands. She did so elect. But the child's part taken by her election was taken by her subject to the payment of her husband's debts. R. S. 1899, sec. 2944. (3) If the statute meant for the child's part to be in lieu of both homestead and dower it would have said so. And the court can not read in the statute what was not written therein by the Legislature. Chapman v. McGrath, 163 Mo. 297. (4) The finding and judgment of the circuit court should have been for the widow and awarded her the value of the homestead in addition to her child's part. Adams v. Adams, 82 S. W. 66. (5) Whether the widow takes under section 2939 or section 2944, Revised Statutes 1899, what she gets is "election" or "statutory" dower, and is in lieu of her common law dower given her under section 2933. Von Arb v. Thomas, 163 Mo. 42; Newton v. Newton, 162 Mo. 186.

*P. H. Cullen* for respondents.

(1) The estate which a widow takes by election is dower, and must be diminished by the amount of the homestead. R. S. 1899, sec. 2944; Von Arb v. Thomas, 163 Mo. 42; Newton v. Newton, 162 Mo. 186. (2) It

is a condition precedent to the widow's right to homestead that she must pay for same out of her common law dower if she has dower. Gore v. Riley, 161 Mo. 244; R. S. 1899, sec. 3621. (3) The widow's claim is in lieu of dower, and that which is taken in lieu of a thing cannot create greater rights than the thing itself. R. S. 1899, sec. 2944. (4) Where a life estate and the reversion or remainder in fee meet in the same person, without an intervening estate, the life estate is merged in the inheritance. Whitaker v. Whitaker, 157 Mo. 342; Pierce v. Rollins, 60 Mo. App. 505. (5) In the case at bar the widow takes absolute title to the homestead by the division. Its value is $1,500. Then she takes absolute title to the lots in town of the value of $300. She also takes in cash the difference between the value of this property and the value of the equity in the farm, so it is clear that she receives land which in extent and value exceeds the value of the homestead, and in addition to this she receives money for her interest in the value of the farm. (6) By the very terms of the statute (sec. 2944) the widow takes a share "equal to a share of a child of such deceased husband" and if the law be declared, as appellant contends it should be declared, the "share" of the widow will exceed the "share" of a child by $1,500, thus destroying the effect of the language of the statute.

BRACE, P. J.—This is an action for partition and assignment of dower, which was tried below on an agreed statement of facts, from which it appears that on the 5th day of July, 1902, Thomas Board died seized of a farm of 179.5 acres in Audrain county, of the value of $4,936.25, subject to a mortgage theretofore executed by him and his wife, amounting to $2,033.00; a homestead in the city of Mexico of the value of $1,500, and some other lots in said city of the value of $300. He left surviving him his widow, the said defendant, Lucy A. Board, and one child by her, the plaintiff,

Laura A. McFadin, his only heir at law. Thereafter the widow elected to take a child's part in lieu of dower in the real estate of which her husband died seized, and the trial court found that having so elected she had no homestead interest in any of the real estate of which her husband died seized, and upon this finding the judgment was entered from which the defendant appeals.

By section 3621, Revised Statutes 1899, it is provided that, "The commissioners appointed to set out such homestead shall, in cases where the right of dower also exists, also set out such dower, and they shall first set out such homestead, and from the residue of the real estate of the deceased shall set out such dower, but the amount of such dower shall be diminished by the amount of the interest of the widow in such homestead; and if the interest of the widow in such homestead shall equal or exceed one-third interest for and during her natural life, in and to all the real estate of which such housekeeper or head of a family shall have died seized no dower shall be assigned to such widow."

The learned trial judge reached his conclusion, as appears by his opinion reproduced in the argument of counsel for respondent, in this way: The net value of the real estate of which Thomas Board died seized being $4,703.25, and the widow by her election having become entitled to an estate in fee simple therein of the value of $2,351.62, or $851.62 more than the value of the homestead, her homestead was swallowed up in the estate which she took by her election, *ergo* she hath no homestead interest. The specious reasoning by which this conclusion is reached is, by calling the estate which the widow took by her election "dower" and an attempted application of the foregoing section to that estate as such. Without stopping to review the reasoning by which such a manifestly erroneous conclusion was reached, it is sufficient to say, that while that section does provide a way in which a widow's dower may, so to speak, be swallowed up in her homestead, it pro-

vides none by which her homestead may be swallowed up in her dower, and necessarily so, for the homestead is not only for the widow but for the minor children. Moreover, the dower which, under that section, may be swallowed up in the homestead is not a dower, if so it may be called, which the widow takes by election. The dower to which that section applies is by its very terms "one-third interest for and during her natural life" or dower proper. The estate which the widow takes by her election is an estate in fee simple subject to her husband's debts, and, call it what you may, it is not the dower contemplated in that section of the statute, and we find nothing in the cases cited to warrant such an application of it as was made by the court below to the facts of this case. The judgment of the circuit court therefore will be reversed, and the cause remanded to that court, with directions to proceed to final judgment therein in accordance with the agreement of the parties upon which it was submitted, and the views expressed in this opinion.

All concur.