## QUAIL, Appellant, v. LOMAS et al.

Division Two, December 22, 1906.

1. **ABSTRACT: Skeleton Bill: Calls: Documents Left With Clerk.** Deeds, deeds of trust and other documents offered in evidence, may be printed as a part of the abstract, if they are called for in the bill of exceptions and clearly identified by the words therein, even though not set out in the bill. And merely because they were not filed and left with the clerk until after the termination of the appeal is not sufficient reason for holding that they can not be printed in the abstract as a part of the evidence.

2. **ELECTION DOWER: Interest in Excess of Homestead.** Whether or not the homestead set off to the widow and the minor children exceeds one-third the value of all the lands belonging to intestate, has no place in determining her interest in those lands, where she had elected to take a child's part absolutely in lieu of her dower of one-third for life. Whether the homestead is less or in excess of one-third the value of the lands, is immaterial, for having elected to take a child's part she has the same fee simple interest in all the lands that each child has.

3. ――――: ――――: **Mortgage and Sale.** The owner of 340 acres of land died intestate, leaving a widow and six children. She elected to take a child's part, and a homestead was set off in 160 acres, and valued at $1,500, and the whole tract at $3,000. Thereafter she borrowed $700 and secured its payment by a

mortgage on the entire tract. *Held,* that the fact that the homestead exceeded one-third the value of the entire estate did not affect the validity of the deed of trust, but on foreclosure sale the purchaser acquired the widow's entire interest in the whole, and is entitled to partition in the 180 acres not included in the homestead.

4. ————: **Sale: Partition: Homestead.** The fact that homestead has been assigned and the widow has elected to take a child's part, and has sold her entire interest in all the lands, does not entitle her grantee to partition of the homestead so long as the children continue minors; but he is entitled to partition in the rest of the lands. He succeeded to the widow's rights in the homestead, and between the widow and minor children there can be no partition of the homestead.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

Reversed and remanded.

*Rechow & Pufahl* for appellant.

(1) (a) The widow, in connection with the minor children, was entitled to a homestead in the premises. R. S. 1899, sec. 3620. (b) In addition to the homestead, she was entitled, under section 2944, Revised Statutes 1899, to elect to take a child's part. Rhorer v. Brockhage, 13 Mo. App. 397, 15 Mo. App. 21, 86 Mo. 544; Matney v. Graham, 50 Mo. 559; Quick v. Robbins, 34 Mo. 226; Wigley v. Beauchamp, 51 Mo. 544; Newton v. Newton, 162 Mo. 173; Adams v. Adams, 183 Mo. 408; Hill v. Evans, 91 S. W. 1022. (2) Having elected to take a child's part, she became vested in fee simple of an undivided one-seventh interest in the premises in addition to the right of homestead which she already had and all of which she conveyed by deed of trust and of all which, under the trustee's sale, appellant became the owner. Authorities supra. (3) It was error to admit evidence subject to objections. Seafield v. Bohne, 169 Mo. 546.

. *O. M. Townsend* and *C. H. Skinker* for respondents.

(1) The alleged deed of trust, and the alleged trustee's deed made in foreclosure of the same, not having been incorporated in the bill of exceptions, nor deposited with the clerk, to remain in his custody until after the hearing in the appellate court, are not preserved in the record and cannot be considered by the court. Laws 1903, p. 105; Carp v. Ins. Co., 107 Mo. App. 352; State v. Griffin, 98 Mo. 672; State v. Buck, 130 Mo. 480; State v. Laycock, 136 Mo. 93. (2) Where a special method is prescribed by law for the doing of a thing the maxim, *expressio unius exclusio alterius,* applies, and by necessary implication forbids and renders nugatory the doing of the thing specified except in the particular way pointed out. Therefore, the act of 1903 which provides that written or printed matter offered in evidence may be preserved for review by the appellate court if called for by the bill of exceptions and properly identified and deposited with the clerk, to remain in his custody, etc., by necessary implication excludes any other method of preserving such evidence. Heidelberg v. St. Francois Co., 100 Mo. 74; State ex rel. v. Fisher, 119 Mo. 344; Ex parte Arnold, 128 Mo. 263; State v. Jackson, 95 Mo. 657; Kansas City v. B. & L. Assn., 145 Mo. 53; Nichols v. Nichols, 147 Mo. 409; Taylor v. Pullen, 152 Mo. 438; State ex inf. v. Lund, 167 Mo. 228; Hemelreich v. Carlos, 24 Mo. App. 273; Binde v. Klinge, 30 Mo. App. 288; McKissick v. Mt. Pleasant Twp., 48 Mo. App. 416; Globe Furn. Co. v. Dist. 7, 51 Mo. App. 549; State v. Holman, 96 Mo. App. 193. And this is the construction which has been given to the act of 1903 by the Court of Appeals in Carp v. Ins. Co., 107 Mo. App. 352. (3) The widow and minor defendants took the homestead as joint tenants, and not as tenants in common, and such homestead cannot be partitioned, nor can the interest of the minors therein

be affected by any act or deed of the widow. Canole v. Hurt, 78 Mo. 649; Kochling v. Daniel, 82 Mo. 54; Rhorer v. Brockhage, 86 Mo. 544; Hufschmidt v. Gross, 112 Mo. 649; Gore v. Riley, 161 Mo. 238. (4) Section 3621 of the homestead act and sections 2933 and 2944 of the dower act, Revised Statutes 1899, all relate to the interest which a widow may take in the lands of her deceased husband, are *in pari materia,* and must be construed together. Sutherland, Statutory Const., sec. 284; State v. Klein, 116 Mo. 265; State ex rel. v. Slover, 126 Mo. 659; Kansas City Brick Co. v. Barker, 50 Mo. App. 60. And should be treated as if they were embodied in one section. St. Louis v. Howard, 119 Mo. 45; Sales v. Barber Asphalt Co., 166 Mo. 667. Chapter 21 Revised Statutes 1899, entitled "Dower," provides various ways in which a widow may be endowed, and while she may elect so as to take her dower in the way which she considers most beneficial to herself, still the interest which she takes in the real estate of her deceased husband, under the provisions of said chapter, is "dower." In section 2944 the Legislature in express terms denominates what the widow takes under said section as dower. The provision is that in lieu of the dower provided for her by section 2933, she may "elect to be endowed absolutely in a share of such lands equal to the share of a child," etc. Therefore, the term "dower" used in section 3621 must be construed to mean what the Legislature has defined to be dower and cannot be restricted to the dower provided for by any one section. The provision is that the commissioners appointed to set out homestead shall, "in cases where the right of dower also exist, also set out such dower, and they shall first set out such homestead, and from the residue of the real estate of the deceased shall set out such dower, but the amount of such dower shall be diminished by the amount of the interest of the widow in such homestead." This clearly requires the home-

stead to be deducted from the dower, and has been so construed. Graves v. Cochran, 68 Mo. 74; Bryan v. Rhodes, 96 Mo. 485. And the widow and minor children each being seized, as joint tenants of the entire homestead, the value of the entire homestead must be deducted from the dower. Gore v. Riley, 161 Mo. 238. (5) As the homestead exceeded the widow's one-third interest for life in the lands of her deceased husband, there was nothing for her election to operate upon. Gore v. Riley, supra.

GANTT, J.—This is a suit for partition of the lands of which John H. Lomas died seized and possessed in Polk county on the 13th day of August, 1900.

Said Lomas died intestate and left a widow, Dicy N. Lomas, and six children, Bertha C., John A., Ellen G., Jesse C., Anne and Carl Lomas, all minors. On the 31st day of August, 1900, letters of administration were granted by the probate court of Polk county to the widow, Dicy Lomas, who duly qualified and took charge of the estate. On the 26th day of November, 1901, said widow made her election to take a child's part of said estate in lieu of dower, and duly acknowledged the same and it was recorded November 27, 1901. On the 26th of November, 1901, said widow filed her application in the probate court of Polk county to have a homestead set off to her and her said minor children, and in due form and time commissioners were appointed, who went on the lands and set apart one hundred and sixty acres, of the value of fifteen hundred dollars, as and for said homestead.

John N. Lomas owned the following lands in Polk county at the date of his death, to-wit: The northeast quarter and the northeast quarter of the northwest quarter and the east half of the southeast quarter and the northwest quarter of the southeast quarter and five acres out of the northeast corner of the southeast

quarter of the northwest quarter, all in section 24, township 32, range 24, and the west half of the southwest quarter of section 19, township 32, range 23, about 340 acres.

Out of this tract the commissioners set apart the north half of the northeast quarter and the southwest quarter of the northeast quarter, less five acres on the east side thereof, and the northeast quarter of the northwest quarter and five acres out of the northeast corner of the southeast quarter of the northwest quarter, all in section 24, township 32, range 24.

On the 6th day of June, 1902, the widow, Dicy N. Lomas, borrowed seven hundred and fifty dollars from the plaintiff, and gave her note therefor, payable two years after the date thereof and bearing interest at the rate of eight per cent per annum, and on the same day made, executed and delivered a deed of trust to Jesse Wiley as trustee to secure the plaintiff the payment of said note. By said deed of trust the said Dicy Lomas conveyed the entire tract of land above described of which the said John H. Lomas died seized, to secure the payment of said note. Afterwards on account of the default of the said Dicy to pay said note and comply with the conditions of said deed of trust, the trustee therein, Jesse Wiley, proceeded to advertise and did advertise and sell the whole of said real estate at public auction at the courthouse door at Bolivar, the county seat of Polk county, and at said sale, the plaintiff being the highest bidder therefor, the same was struck off and sold to him by the said trustee, and on the 12th day of September, 1903, the trustee executed his trustee's deed conveying all of said real estate to the plaintiff. On the part of the defendants the evidence tended to show that the entire tract of land was worth from three thousand to thirty-five hundred dollars at the time the homestead was set off to the widow and children, and that the homestead tract of one hun-

dred and sixty acres was valued at fifteen hundred dollars. After the death of her husband, the widow built a two-room house on the farm and put up some wire fences around the tract. The plaintiff claiming to have acquired by virtue of his deed of trust from the widow and his trustee's deed foreclosing the same, an undivided one-seventh interest in the said lands, on the 20th of October, 1903, began this suit for partition of the said premises. At the November term, 1903, O. M. Townsend, Esq., was appointed guardian *ad litem*. Upon the motion of Mr. Townsend, however, showing to the court that A. C. Fink was the regularly appointed and duly qualified guardian and curator of the said minors and upon the voluntary appearance of the said Fink he was permitted to become a party to the suit and to defend the interest of the said minors. The widow filed a separate demurrer to the plaintiff's petition, which was overruled, and thereafter she filed no further pleading in the cause. The minors by their guardian *ad litem* and curator of their estate, for their separate answer, admitted that their father died seized of the lands described in the petition, leaving Dicy N. Lomas as his widow and the said minors as his only children and heirs at law. They admitted that the land described in the plaintiff's petition as a homestead had been set off to the said widow and children and that the minor defendants were in possession thereof and living thereon. Further answering they stated that they had no knowledge of any transaction between the plaintiff and the widow Dicy Lomas, but that they were not interested in or affected by any such transactions, if any such there were. "Further answering defendants state that all of the land described in plaintiff's petition, as being owned by said John H. Lomas at the time of his death, did not exceed in value the sum of three thousand dollars and that the commissioners appointed by the probate court to set out said homestead

and widow's dower, if she was entitled to any, valued all said lands at three thousand dollars, and set out the homestead, valued at fifteen hundred dollars, to the said widow and these minor defendants and did not set out any dower to said widow because she was not entitled to any dower therein, and these defendants deny that she was entitled to or could legally elect to take a child's part in any part of said land in lieu of dower." They denied that either the plaintiff or Dicy N. Lomas has or is entitled to an undivided one-seventh interest in said real estate or any part thereof and denied that plaintiff has any interest or estate whatever in said real estate or any right to have the same partitioned. The cause came on for trial on the 7th day of January, 1904, and was submitted to the court upon the evidence and the court found the issues for and gave judgment for the defendants. In due time the plaintiff filed his motion for a new trial, which was heard and overruled and the plaintiff saved his exceptions and thereupon the plaintiff prayed an appeal to this court, which was granted.

I. Preliminary to a consideration of the merits of this appeal, a question has been raised by the defendants as to the sufficiency of the bill of exceptions to preserve and bring to this court the deed of trust given by Dicy Lomas to Jesse Wiley, trustee, to secure the seven hundred and fifty dollar note, executed by said Dicy to the plaintiff herein of date June 6, 1902, and also the trustee's deed executed by the said trustee to the plaintiff of date September 12, 1903, and recorded the same day in the recorder's office of said county, and in aid of this contention the defendants have filed in this court a certificate of the clerk to what purports to be a copy of the bill of exceptions as filed in this cause, wherein the said deed of trust and the said trustee's deed are not set out in full, but are called for in the following manner: "By Mr. Rechow, attorney for

plaintiff: 'We offer in evidence the deed of trust given by Dicy N. Lomas to Jesse Wiley, trustee, dated June 6, 1902, and acknowledged June 6, 1902.' To which defendants by counsel object for the reason it shows upon its face it was given after the setting out of the homestead alleged in the petition and is incompetent, irrelevant and immaterial, and because said deed of trust did not pass such an interest as would entitle any one holding under it to maintain partition (to go in subject to objection). The above deed of trust offered in evidence by the plaintiff was here marked Exhibit 'C', and was read in evidence in the following words and figures, to-wit: (copy here). By Mr. Rechow for plaintiff: 'We offer in evidence the trustee's deed under sale, from Jesse Wiley, trustee, to Robert Quail, dated September 12, 1903, acknowledged September 12, 1903, recorded September 12, 1903, in book 85, at page 265;' to which defendants by counsel object for the reason that there is no notice of trustee's sale attached to it (to go in subject to any further objections which may be hereafter made). Defendants object for the further reason that the debt secured by the deed had not matured. The above deed was marked 'Exhibit D'and was here read in evidence in the following words and figures, to-wit (copy here).''

The plaintiff in his abstract filed in this court, had copied in full the said deed of trust called for in the bill of exceptions and also the trustee's deed therein marked ''Exhibit D,'' and the question now arises whether the fact that these two instruments called for in the bill of exceptions by the name of grantor and grantee and the date of their acknowledgment and the record in the recorder's office, are properly part of the record before us. The practice of filing a skeleton bill of exceptions in the circuit court has prevailed for many years in this State, and calling therein for deeds, depositions and other exhibits read in evidence by re-

ferring to them and describing them so clearly that no mistake can be made as to their identity.   [Crawford v. Spencer, 92 Mo. 498; Myers v. Myers, 98 Mo. 262; Tipton v. Renner, 105 Mo. 1; Pitkin v. Shacklett, 106 Mo. 571; Stern v. Foltz, 152 Mo. 558; Carlin v. Wolff, 154 Mo. 544; Martin v. Castle, 182 Mo. 224.]   Had this cause come to this court on a full transcript certified by the clerk there cannot be any doubt that, under the above decisions, the deed of trust and trustee's deed called for in the bill of exceptions were so clearly identified that it would have been the duty of the clerk to have certified them in full to this court, but it is insisted by the learned counsel for the defendants that the act of February 23, 1903, Laws of Missouri, 1903, page 105, and known as section 866, has changed this rule of practice.   That act provides: "But it shall not be necessary, for the review of the action of any lower court on appeal or writ of error, that any pleading, motion, instruction or record entry in the case, or any written or printed matter offered in evidence upon the trial and properly identified and deposited with the clerk, to remain in his custody until after the determination of the cause in the appellate court, shall be copied or set forth in the bill of exceptions filed in the lower court.   Provided, the bill of exceptions so filed contains a direction to the clerk to copy the same, and the same are so copied into the record sent up to the appellate court."   The reading of the above act will demonstrate, we think, that its purpose was to conform the statute in regard to making of bills of exceptions to the established practices of the courts of this State.   It liberalized that practice instead of evidencing any purpose of condemning the action of the courts on this subject.   Indeed, the only additional thing which the act above noted requires, is that the documents therein referred to "shall be deposited with the clerk to remain in his custody until after the determination of the

cause in the appellate court.'' This provision is a wise one and will obviate all difficulty as to the identity of the instruments copied into the transcript, and those offered and read in evidence on the trial, but while the act permits the instruments or documents named therein when properly identified and deposited with the clerk to be copied and set forth in the transcript without having been copied at length into the bill of exceptions, there are no negative words indicating that a bill of exceptions calling for documents and instruments in the manner long approved by the decisions of this court would not constitute a part of the record, and that those instruments should not be copied in full by the clerk in certifying the transcript to this court, or by counsel by making their abstracts under the provisions of section 813. Accordingly, we think that under the settled practice of this court, the deed of trust and the trustee's deed, identified as they were by the skeleton bill, are parts of the record, which we must consider in the determination of this appeal. If either of said instruments had been incorrectly copied or matter interpolated into them which was not therein when they were offered and read in evidence, it would have been perfectly competent for the defendants in this case to have called attention to these inaccuracies or unauthorized interpolations and corrected the same by their counter abstract, but it will be observed that it is not claimed by defendants that these documents as copied into the plaintiff's abstract are not correctly and truly set forth therein, but merely that because they were not filed and left with the clerk to remain in his custody until after the determination of this appeal they cannot be considered. We are unwilling to give the statute such a narrow construction.

II. The circuit court held that the widow had no election because the homestead exceeded in value one-third of all the lands of which her husband, John H.

Lomas, died seized, or that there was no estate remaining after the setting off of the homestead upon which her election could take effect, basing its ruling upon section 3621, Revised Statutes 1899, which provides: "The commissioners appointed to set out such homestead shall, in cases where the right of dower also exists, also set out such dower, and they shall first set out such homestead, and from the residue of the real estate of the deceased shall set out such dower, but the amount of such dower shall be diminished by the amount of the interest of the widow in such homestead; and if the interest of the widow in such homestead shall equal or exceed one-third interest for and during her natural life, in and to all the real estate of which such housekeeper or head of a family shall have died seized, no dower shall be assigned to such widow." The above section makes provision for reducing the widow's common law dower of one-third of the lands of which her husband died seized by the amount of her interest in the homestead. By its terms it is restricted to dower of one-third and dower in its usual and ordinary acceptation. The language of this section is utterly incongruous when we attempt to apply it to the estate which a widow may elect to take under either section 2939 or 2944, Revised Statutes 1899, by whatever name it may be designated, and it was ruled in Adams v. Adams, 183 Mo. 396, that the homestead could not be considered as a part of the widow's dower when she elected to be endowed under section 2939, Revised Statutes 1899, but she was entitled to her homestead and one-half of the land in addition thereto by virtue of her election; that the Legislature had made no provision for deducting the widow's interest in the homestead from what is termed her "election dower." In McFadin v. Board, 188 Mo. 688, the question arose as to the right of the widow to a homestead in a case in which her election of a child's part gave her a share of the

estate of more value than the homestead, and BRACE, P. J., speaking for the court, said: "Without stopping to review the reasoning by which such a manifestly erroneous conclusion was reached, it is sufficient to say, that while that section [3621, R .S. 1899] does provide a way in which a widow's dower may, so to speak, be swallowed up in her homestead, it provides none by which her homestead may be swallowed up by her dower, and necessarily so, for the homestead is not only for the widow but for the minor children. Moreover, *the dower*, which under that section, may be swallowed up in the homestead is not a dower, if so it may be called, which the widow takes by election. The dower to which that section applies is by its terms 'one-third interest for and during her natural life', or dower proper. The estate which the widow takes by her election is an estate in fee simple subject to her husband's debts, and, call it what you may, it is not the dower contemplated in that section [3621] of the statute, and we find nothing in the cases cited to warrant such an application of it as was made by the court below." While the position of the parties are reversed in the two cases, the construction of section 3621, Revised Statutes 1899, applies with equal persuasiveness to the case in hand. Mrs. Lomas made and filed her election before the homestead was set off to her and her children and by that election she became and was seized of an undivided one-seventh of the lands of which John H. Lomas died seized, and the commissioners appointed to set off the homestead had nothing to do with her fee simple interest in the land acquired by her election and it is significant that they made no attempt to do so, but valued and assigned the homestead, the only matter confided to them. The widow then having become seized of an undivided one-seventh of all the land subject to the homestead of herself and children, there was no obstacle to her conveying the same as she did by her deed of trust to Jesse

Wiley, in trust, to secure the payment of her note for seven hundred and fifty dollars to the plaintiff Quail, on the 6th of June, 1902, and when she failed to comply with the conditions of that deed and the trustee sold and conveyed her interest in the lands to plaintiff he became in her stead the owner of one undivided one-seventh of said lands, subject of course to the homestead of the minors during their minority. As to the homestead, he could and did obtain no higher or different estate or right than that owned by his grantor, the widow, Mrs. Lomas. As between her and the minor children she was not entitled to have the one hundred and sixty acres so set apart partitioned, or the rights of the minors therein impaired during their minority. [Rhorer v. Brockhage, 86 Mo. 544; Hufschmidt v. Gross, 112 Mo. 649; Beckner v. McLinn, 107 Mo. 277.]

As to the one hundred and eighty acres not included in the homestead, the widow could have maintained an action for partition, and the plaintiff having acquired her title has the same present right to a partition as against the children, and the circuit court erred in refusing him this right. The judgment of the circuit court is reversed and the cause remanded to be proceeded with in accordance with the views herein expressed.

*Burgess, P. J.,* and *Fox, J.,* concur.