Q. BETZLER and L. G. CLARK, Appellants, v. A. J. JAMES, Appellant.

Division Two, March 31, 1910.

1. **APPEALS: Deeds Omitted from Bill.** Although the bill of exceptions shows that a certain deed of trust was offered in evidence at the trial, yet if it is not set out in the bill of exceptions sent up to the appellate court, or in the printed abstract furnished in lieu of the bill, it cannot be considered on appeal.

2. **DEED OF TRUST: Foreclosure: The Then Sheriff.** A provision in a deed of trust providing that in case of default in the payment of the debt and the death or absence of the trustee named "the (then) acting sheriff" shall have power to sell the property, means the sheriff in office at the time the sale is made, and not the sheriff in office at the time the trustee died after default.

3. ———: ———: **Inadequacy of Consideration.** Inadequacy of price, unaccompanied with any circumstances indicative of fraud, deceit, collusion, unfairness, surprise or accident or some similar infirmity, is not of itself a sufficient ground for setting aside a trustee's sale under a deed of trust. And in this case, where the trial court found that the land was sold for only one twenty-fifth of its actual value, and set the sale aside on that ground, the judgment is reversed—the mortgagor having had actual timely notice, and the sale being fair and in all respects properly conducted.

4. ———: ———: **Equity.** The power of a court of equity will not be exercised to relieve a mortgagor in a deed of trust from the consequences of his own inexcusable neglect. Where he was frequently urged to pay, was notified that his land was offered for sale thereunder, was sent a copy of the published notice of sale, and made no effort to pay except to offer other valueless property in settlement, and the sale was made fairly at the usual time and according to the notice, and when the usual number of bidders were present, and in his bill he does not offer to redeem, but plants himself wholly on the ground that the deed of trust was void, that the note was without consideration, and that the land was misdescribed, and he brings forward no evidence to establish any of those grounds, equity will not set aside the sale on the one ground of inadequacy of consideration.

Appeal from Carroll Circuit Court.—*Hon. Jno. P. Butler*, Judge.

REVERSED AND REMANDED (*with directions*).

*Louis Benecke* and *Lozier, Morris & Atwood* for plaintiffs appellant.

(1) The trust deed under which the foreclosure sale was made is not before this court for construction. The provisions of said trust deed were not preserved in the bill of exceptions and the question as to whether the sheriff, Magee, was the proper person under the provisions of the trust deed to conduct the foreclosure sale, is not before this court for review. It will be observed that there is no direction to the clerk to copy the trust deed in the bill of exceptions, and the same

was not copied into the record, and is not before this court for review. R. S. 1899, sec. 866, amended, Laws 1903, p. 105; Ryan v. Growney, 125 Mo. 474; State v. Griffin, 98 Mo. 672; Quail v. Lomas, 200 Mo. 674. (2) Nevertheless, such sale was not void, but was made by the person authorized to execute the powers of the trust deed. In the McNutt case the decision hinged on the double use of the word "then" and the word "thereupon," and we insist that, when the language of the two instruments is considered, the McNutt case does not militate against our position in the case at bar. (3) To justify the court in setting aside a foreclosure sale for inadequacy of consideration, there must be some fraud or unfair dealing; some deceit practiced upon, or some unfair advantage taken of the mortgagor. These elements are absent from the case at bar. Equity will not relieve a person from the effects of his intentional neglect, trick or duplicity. Hoffman v. McCracken, 168 Mo. 345. (4) Plaintiffs were purchasers at the foreclosure sale under a deed of trust. They brought suit in ejectment against the mortgagor. The answer sets up an equitable defense, which answer converts the action into an equitable proceeding, in which such relief may be granted either litigant as the equities of the case may warrant, even in the absence of prayer for such relief. Dunn v. McCoy, 150 Mo. 548; Swon v. Stevens, 143 Mo. 384; Allen v. Logan, 96 Mo. 591; Shuster v. Shuster, 93 Mo. 438; O'Day v. Conn, 131 Mo. 321; Fisher v. Stevens, 131 Mo. 181. (5) The trial court very properly required defendant to discharge the mortgage indebtedness, interest and taxes, as a condition precedent to his right to redeem, even though he did not ask to redeem, but did ask to have the mortgage annulled and cancelled and the foreclosure sale annulled and set aside. 1 Bouvier's Law Dictionary (14 Ed.), p. 536; 20 Am. and Eng. Ency. Law (1 Ed.), pp. 608, 620, 621, 622; 2 Pingrey on Mortgages, sec. 2179. One who redeems from the mortgage must

pay the whole amount of the debt, although the land sold for a less sum. 2 Pingrey on Mortgages, sec. 2184; Collins v. Riggs, 14 Wall. (U. S.) 491; Hosford v. Johnson, 74 Ind. 479; Powers v. Golder Lumber Co., 43 Mich. 468; Martin v. Fridley, 23 Minn. 13; Johnson v. Harmon, 19 Ia. 56; Bradley v. Snyder, 14 Ill. 263; Gage v. Brewster, 13 N. Y. 218; Raynor v. Selmes, 52 N. Y. 579; Axman v. Smith, 156 Mo. 286; Dwyer v. Rohan, 99 Mo. App. 120; Swon v. Stevens, 143 Mo. 384.

*J. A. Collet* for defendant appellant.

(1) The sale made by Geo. H. Magee, under which plaintiffs claim title, was absolutely void. By the provisions of the deed of trust executed by James, upon the death of John Knappenberger, the trustee therein named, the note secured by the deed of trust being then past due, I. C. Cruzen, who was then sheriff of Carroll county, succeeded to the trust and became invested with the legal title to the land conveyed by the deed of trust. This title being held by him personally and not officially, he continued the rightful trustee after the expiration of his term of office and until he became disqualified by some act of his, and upon his becoming disqualified a trustee would have to be appointed. Geo. H. Magee never had any authority whatsoever to act as trustee, hence the sale and deed made in consequence of the sale are both void. State ex rel. v. Davis, 88 Mo. 585; McNutt v. Ins. Co., 181 Mo. 94; Harwood v. Tracy, 118 Mo. 631. (2) The sale made by Magee was void for the further reason that the price bid for the land was so grossly inadequate as to shock the moral sense. Under such circumstances the sale, though regular and made by the proper person, will be held void. Hagan v. Bank, 182 Mo. 319; Bank v. Richardson, 156 Mo. 270; Vail v. Jacobs, 62 Mo. 130; Hoffman v. McCracken, 168 Mo. 337; Hardware Co. v. Brownlee, 186 Mo. 621. (3) The evidence shows that the note, to secure which the deed of trust in ques-

tion was given, was given to pay an attorney's fee and that the attorney died before the services were rendered, and that thereby the consideration for the note failed; that Benecke had knowledge of these facts before the sale was made, and advised with the record plaintiffs before the sale was made, and immediately after the sale, became jointly interested with plaintiffs, if in fact he was not joined in interest with them before the sale was made. These facts are sufficient to charge plaintiffs with notice of the infirmity of the note. The court's finding that the note had been assigned to Griffin for value and before maturity would relieve plaintiffs' case of its weakness resulting from this failure of consideration, if the finding could be upheld, but that finding is not supported by a syllable of evidence. Where the finding of the trial court is not supported by evidence, it will be disregarded by this court. Kilpatrick v. Wiley, 197 Mo. 123. (4) The judgment rendered against James for the payment of the Hammond note and the costs incurred in the attempted execution of the deed of trust, is erroneous for two reasons: First, because there was no issue of that kind involved in the case, and a judgment not responsive to the issues tendered will not be upheld. Schneider v. Patton, 175 Mo. 684; Roden v. Helm, 192 Mo. 71; Dawkins v. Griffin, 195 Mo. 430; Kilpatrick v. Wiley, 197 Mo. 123. Second, because the judgment was rendered, in part at least, in favor of a person who is a stranger to the suit, and is an attempt to adjudicate matters not involved in this litigation and between parties, one of whom is not a party to this suit. This cannot be done. Manewal v. Proctor, 112 Mo. App. 315.

BURGESS, J.—This is a suit in ejectment to recover the northwest quarter of section 15, township 53, range 20, in Carroll county, Missouri, and described in plaintiffs' petition by metes and bounds.

The suit was instituted against James M. Farrell, who answered, admitting that he was in possession of the land sued for as tenant of A. J. James. Defendant James was made a party defendant on his own motion, and filed his answer admitting that he was, by his tenant, in possession of the premises sued for, and setting up that he was the absolute owner of said land. The defendant, in his said answer, tendered the following defenses:

First: That plaintiffs' only claim of right or interest in the land sued for was based upon a deed executed by George H. Magee, sheriff of Carroll county, acting trustee, executed on the eleventh day of August, 1905, by which he, as trustee, undertook to sell to plaintiffs, for the consideration of $275, the lands in question, for the purpose of satisfying and paying off a note of $150, executed by defendant James on the 28th day of December, 1894, payable to Charles Hammond; that said note was given in payment of professional services to be rendered by the said Hammond to the defendant; that said Hammond died before said services were rendered, and that thereby the consideration for said note wholly failed; that said note was transferred after maturity to one Thaddeus Griffin, as security for another note owed by the said Charles Hammond to the said Griffin; that the said Griffin took said note with full knowledge of its aforesaid infirmity; that after his death, his administrator, with knowledge of all the aforesaid facts, caused the deed of trust securing said note to be foreclosed, and that plaintiffs, with knowledge of all the facts in relation to the execution of said note and of the failure of consideration as aforesaid, purchased said land at said foreclosure sale.

Second: That the acting trustee did not use due diligence, care and caution to procure the highest possible price for said land in that the sale was not made at the usual and ordinary hour for making such sales,

but at a later hour, and at the time said land was sold there were practically no bidders, by reason of which the land, which the defendant avers was worth not less than $6400, was sold to plaintiffs for $275.

Third: That the said G. H. Magee, sheriff, undertook to and did act as trustee in the foreclosure of said deed of trust under the following provision of said deed of trust: "Now, therefore, if the said parties of the first part, or any one for them, shall well and truly pay off and discharge the debt and interest expressed in said note, and every part thereof, when the same becomes due and payable according to the true tenor, date and effect of said note, then this deed shall be void, and the property hereinbefore conveyed shall be released at the cost of the said parties of the first part; but should the said first parties fail or refuse to pay the said note, or the said interest, or any part thereof, when the same or any part thereof shall become due and payable according to the true tenor, date and effect of said note, then the whole shall become due and payable, and this deed shall remain in force; and the said party of the second part, or in case of his absence, death, refusal to act, or disability in anywise, the (then) acting sheriff of Carroll county, Missouri, at the request of the legal holder of said note, may proceed to sell the property hereinbefore described, or any part thereof, at public vendue to the highest bidder," etc. That said note became due on the 28th day of December, 1895, and that thereafter, on the 21st day of October, 1902, John Knappenberger, trustee named in said deed of trust, died. That upon the date of the death of the said John Knappenberger, I. C. Cruzen was the then acting sheriff of Carroll county, Missouri. That the said G. H. Magee, who undertook to sell said land, was not the acting sheriff of Carroll county, Missouri, at the time of the death of the said Knappenberger, or for a long time thereafter,

and was therefore without authority to act as trustee in the making of said sale.

To this answer the plaintiffs filed reply, denying all the matters of defense contained in said answer.

The evidence shows that on December 28, 1894, defendant James executed his promissory note for $150, payable to Charles Hammond, an attorney at law. By its terms, the note became due one year after date, and it was secured by a deed of trust executed by defendant James and his wife, conveying the land in question to John Knappenberger, trustee, for the use of said Hammond.

Said deed of trust was not copied or preserved in the bill of exceptions, nor is it shown that there was any direction to the clerk to copy the same therein; but with reference to the trust deed, the bill of exceptions contains the following recital:

"Plaintiffs' counsel offered and read in evidence trust deed, dated December 28, 1894, executed by A. J. James and Mary E. James, his wife, to John Knappenberger, trustee, for the use of Charles Hammond, conveying the land described in plaintiffs' petition, in trust, to secure the payment of a note for $150, therein described, payable to the order of Charles Hammond, said trust deed having been acknowledged on the same date before Louis Benecke, notary public, and having been filed for record in the office of the recorder of deeds within and for Carroll county, Missouri, on May 31, 1895, and duly recorded in the records of said office in Book 122, at page 213, marked 'Plaintiffs' Exhibit 1.' "

The note in question, which became due December 28, 1895, was assigned by Hammond, some time after its execution, to Thaddeus S. Griffin, as security for a note which Griffin held against Hammond for a like amount. Hammond died December 30, 1897; John Knappenberger, trustee, died October 21, 1902, and Thaddeus S. Griffin, holder of the note against the defendant,

died March 29, 1905. Morganza Griffin, brother of Thaddeus S. Griffin, was duly appointed administrator of his deceased brother's estate, and the said note was found among the assets of said estate.

The evidence shows that Morganza Griffin, the administrator, had several conversations with the defendant with reference to the payment of the note in question, in none of which conversations did the defendant deny that he was legally bound to pay it, but repeatedly asked the administrator to take in payment of said note another note which he, defendant, held, and which he called "a tile factory note;" but this the administrator refused to accept, saying that he wanted the note paid in cash. After waiting some weeks longer to give the defendant ample time to pay the note, the administrator placed it in the hands of Louis Benecke, his attorney, for collection. Benecke had several interviews with the defendant, at the first of which he told the defendant that if he would pay the principal it would be accepted, and the note under instructions from the administrator, would be delivered to him. The defendant refused to accept the proposition, but offered Benecke an old note in settlement of defendant's note, which offer was refused. According to the testimony, the said note offered by the defendant "was insolvent." In none of the said interviews did the defendant claim that there was a failure of consideration for his note to Hammond, nor did he deny his liability thereon. The defendant having refused to pay cash for the note, Benecke advertised the land for sale under the said deed of trust. Before doing so he notified the defendant that his land would be advertised for sale, and after the publication was commenced he sent the defendant a copy of the printed notice. The defendant afterwards had another conversation with the administrator, who again urged him to make a settlement, and told him that the land would be sold, under the trust deed, a week from the

following Friday. To this the defendant replied that he knew it was going to be sold. The land was publicly sold by George H. Magee, sheriff of Carroll county, on August 11, 1905, at the place designated in the deed of trust and at the time stated in the published notice of sale. According to the evidence, the sale was public, and made at the hour and in the manner that such sales are usually made in said county. One witness testified that there were about twenty-five persons present at the sale, while another stated that there were but six or eight persons present. The sheriff testified that he remembered "about nine or ten parties that were there," and that he saw some more standing around. He further testified that there was nothing done to prevent people from bidding, or that would tend to contribute to the secrecy of the proceeding, and also stated that, some days prior to the sale, he notified two or three parties that such sale would be made. At the sale George R. Starnes was the highest bidder, his bid being $210. The sheriff was having a deed prepared to convey the land to Starnes when the latter discovered that there were delinquent taxes to the amount of seventeen dollars against the land, whereupon he refused to pay the amount of his bid unless the land was cleared of said taxes. Thereupon the sheriff again made public outcry and re-offered the land for sale, under the trust deed, at which sale the plaintiffs, being the highest bidders, became the purchasers, their bid being $275, and the net proceeds of the sale were credited upon the defendant's said note. The sheriff's deed, under said deed of trust, executed by George H. Magee, sheriff of Carroll county, on the 11th day of August, 1905, conveying the land to plaintiffs, was offered and read in evidence.

John Meyers, a witness, testified that in a conversation had with the defendant about the time of the sale of his land the defendant told him that the reason why he had not settled the note was because he didn't

think the debt was a just one, as "he never got no. service for the money;" that the defendant also told him that the description of the land in the deed of trust was not correct, and that "he thought the note was outlawed."

The value of the land was fixed by various witnesses at prices ranging from thirty-five dollars to fifty dollars per acre. It was admitted at the trial that I. C. Cruzen was the duly elected, qualified and acting sheriff of Carroll county from January 1, 1901, to January 1, 1905, and that George H. Magee first qualified for sheriff of said county on January 1, 1905, and continued in office until after the sale.

After hearing all the evidence, the court found that the note in question, after its execution, and before maturity, was for value assigned by Charles Hammond to Thaddeus S. Griffin; that said Hammond died December 30, 1897, and that John Knappenberger, trustee named in the deed of trust given to secure the payment of said note, died October 21, 1902; that I. C. Cruzen was sheriff of Carroll county from January 1, 1901, to January 1, 1905, and that George H. Magee first became sheriff of Carroll county on January 1, 1905, and was the acting sheriff of said county on the date of the sale, August 11, 1905; that L. Benecke, acting for Morganza Griffin, administrator of the estate of Thaddeus S. Griffin, deceased, and holder of said note, requested George H. Magee, sheriff of Carroll county, to advertise and sell the land, under the deed of trust, default having been made in the payment of said note, and that in pursuance of such request said Magee did advertise the land and sell it on the 11th day of August, 1905; that the sale was made at the usual place, and about the hour of 3 o'clock, p. m., at which sale plaintiffs were the highest bidders, purchasing the land for the price and sum of $275, and that in pursuance of said sale plaintiffs re-

227 Sup—25

ceived from said George H. Magee a deed purporting to convey said land, and that under and in pursuance of said deed the plaintiffs claim title; that the value of said land was $7200, and that the price paid therefor by plaintiffs was less than one twenty-fifth of its real value; that upon the death of John Knappenberger, trustee, I. C. Cruzen, then sheriff of Carroll county, by operation of the provisions of the deed of trust, succeeded to the trust and became vested with the legal title to said land, and that said Magee was not entitled to enforce the power contained in the deed of trust, or to enforce the terms thereof, and that the deed made by him to plaintiffs, in pursuance of the sale, was void and without effect; that the land having been sold for less than one twenty-fifth of its actual or real value, the said sale was void because unconscionable and inequitable.

The court further found that it would be inequitable and unjust not to compel the defendant to pay the debt and interest secured by said deed of trust, as well also the costs made in its attempted enforcement; that the debt, principal and interest, secured by the deed of trust, amounted to the sum of $358.90, and that the plaintiffs paid out costs and expenses incident to the trustee's sale, and for taxes upon the land, the sum of $43.13, and that said respective sums, aggregating a total of $402.03, ought to be impressed against said land as a first lien thereon.

Judgment was rendered by the court in conformity to its findings, from which judgment both plaintiffs and defendant appealed to this court.

The defendant-appellant contends that the sale made by Geo. H. Magee, sheriff, was null and void for the reason that at the time of the death of John Knappenberger, the trustee named in the deed of trust, at which time the note secured by said deed of trust was past due, the said Magee was not "the (then) acting sheriff of Carroll county," and that under the terms

and provisions of the trust deed he had no authority to make the sale. At the trial it was admitted by plaintiffs-appellants that I. C. Cruzen was sheriff of Carroll county at the time of Knappenberger's death, and that Magee succeeded him in office.

The bill of exceptions shows that the deed of trust was offered and read in evidence, but by some oversight the same was not incorporated in said bill. It is not shown by the record that the clerk of the court was directed to copy the deed of trust into the record, as provided by section 866, Revised Statutes 1899, as amended by the Act of 1903 (Laws of 1903, p. 105), the material part of which reads as follows: "But it shall not be necessary, for the review of the action of any lower court on appeal or writ of error, that . . . . any written or printed matter offered in evidence upon the trial, and properly identified and deposited with the clerk, to remain in his custody until after the determination of the cause in the appellate court, shall be copied or set forth in the bill of exceptions filed in the lower court: Provided, the bill of exceptions so filed contains a direction to the clerk to copy the same, and the same are so copied into the record sent up to the appellate court."

As the deed of trust offered and read in evidence was not set forth in the bill of exceptions, and there was no direction to the clerk to copy it into the record, and the same was not so copied, it is not before us for construction. [Ryan v. Growney, 129 Mo. 474; State v. Griffin, 98 Mo. 672; State v. Gilmore, 110 Mo. 1; Quail v. Lomas, 200 Mo. 674; Hendricks v. Calloway, 211 Mo. 536.] It necessarily follows that defendant's third defense to the action wholly fails, and the point must be ruled against him. While being compelled to thus summarily dispose of the question, we will add that were the deed of trust, the provisions of which are set forth in the answer, properly before us for construction, we should still rule that the said Geo. H.

Magee, sheriff of Carroll county at the time of the foreclosure sale, was the proper person, under the provisions of said trust deed, to conduct the sale. In the recent case of Feller v. Lee, 225 Mo. 319, wherein a deed of trust of like tenor was construed, it was ruled that the words "the then acting sheriff" had reference to the sheriff in office at "the time a fore-closure was demanded by the holder of the indebtedness." The opinion in that case was the delivery of LAMM, J., of Division One, and it was afterwards, upon a rehearing in court in Banc, adopted as the unanimous opinion of the whole court, In Banc. The provisions of the trust deed construed in the case of McNutt v. Life Insurance Co., 181 Mo. 94, cited by defendant, were peculiar, and not at all as simple as the provisions of this deed of trust, and the decision in that case could not be held to apply.

Under the facts in this case, we are of opinion that the defendant is not entitled to have the foreclosure sale set aside on the ground of inadequacy of consideration. This court has never held that inadequacy of price, unconnected with any circumstances indicative of fraud, deceit, collusion or unfairness, is of itself a sufficient ground for relief.

In Hoffman v. McCracken, 168 Mo. l. c. 345, it is said: "As a general proposition, inadequacy of consideration is not of itself a distinct principle of relief in equity; but where there is such a great disparity between the actual value of land and the price which it brings at a forced sale, as in this case, and the land is sold under the mistaken idea that it is encumbered for quite a large sum (in this case $900), when it is not, and bidders are deterred from bidding by reason thereof, a court of equity will not hesitate to set the sale aside."

In Helena Coal Co. v. Sibley (1901), 132 Ala. 651, it is held that when property sold under an order of court is purchased by a stranger, such sale will not

be set aside for mere inadequacy of price, *no matter how gross,* unless there is some unfair practice at the sale, or unless there is surprise, without fault on the part of those interested.  See also, Parker v. Bluffton Car Wheel Co., 108 Ala. 140, and Lowe v. Guice, 69 Ala. 80.

In the case of March v. Ludlum, 3 Sandford's Ch. (N. Y.) 35, it was held that a court of chancery could not set aside a public sale made by an officer who is not acting under the direction of the court, on the ground of the inadequacy of the sum bid by the purchaser, however gross or startling it might appear. The court said: "The gravamen of the bill is that there was a gross and startling inadequacy in the sum bid at the sale. . . . As to the inadequacy, this is unquestionably very great, for the property sold for less than one-twentieth of its value.  But I do not understand that the court of chancery can on this ground alone set aside a public sale made by an officer who is not acting under the direction of the court. Instances of greater inadequacy are of constant occurrence in sales for taxes and assessments made by our State and municipal authorities. The exercise of such a jurisdiction would, I imagine, be more startling to the public mind than any supposable inadequacy of price would be to the mind of the court.  Over judicial sales, made by its own officers, the court of chancery has always exercised a summary control, by motion or petition.  But even in those cases the court 'will not interfere on the ground of inadequacy alone.  [American Ins. Co. v. Oakley, 9 Paige 259; Brown v. Frost, 10 Ib. 243; Tripp v. Cook, 26 Wend. 143, 156, 159.] There must be some surprise, accident, fraud, or similar cause, other than the neglect of the party interested, or his inability to raise the money, to induce an order for a re-sale when the sale has been made by its own officers and under its own process or decrees. Under any other rule, confidence in such sales would be

entirely dissipated, and the final result would be that creditors would become the purchasers upon their own terms.''

The foregoing rule is founded on reason and fairness. There must be something more than mere inadequacy of price—some fraud or unfair dealing; some deceit practiced upon the mortgagor, or some unfair advantage taken in respect of the transaction. In the case at bar there is no evidence whatever of fraud or unfairness, and the sale was in all respects properly conducted. The defendant was repeatedly urged by the holder of the note and his attorney to make settlement, and it was only after long delay, and after all efforts to persuade or induce him to take up the note had proven unavailing, that the land was advertised for sale under the provisions of the deed of trust. He was personally notified by the holder of the note that the land was advertised for sale, and was also sent a copy of the published notice; but he stubbornly and heedlessly allowed the publication to continue and the land to be sold at a sacrifice, without doing anything whatever to prevent it or to protect his property.

The court did not find that the sheriff, acting as trustee, conducted the sale unfairly, or that there was any fraud or deception practiced upon the defendant, or any collusion between the bidders at the sale. It is shown by the evidence that the sale was attended by as many persons as ordinarily attend such sales, and that it was held at the place designated in the trust deed, and at the hour such sales are customarily made. The first purchaser declined to pay the amount of his bid ($210) because of some unsatisfied taxes against the land, and it was thereupon re-offered for sale, and was purchased by the plaintiffs, who were the highest bidders, for $275.

The answer to the petition sets up an equitable defense, which converts the action into an equitable proceeding in which such relief may be granted either

party as the equities of the case may warrant. Defendant's prayer for affirmative relief was as follows: "Wherefore, by reason of the premises, defendant asks for a judgment and decree cancelling and annulling the deed of trust executed by defendant to John Knappenberger as aforesaid, and cancelling and annulling and setting aside the trustee's deed executed by the said George H. Magee to plaintiffs herein as aforesaid, and for all proper relief."

Swon v. Stevens, 143 Mo. 384, was an action in ejectment in which the defense was that the sale under the deed of trust was invalid because made before the note or interest was due. The defendant in that case did not ask to redeem, but prayed the court to declare the sale under the trust deed null and void and of no effect, and that the trustee's deed be cancelled. It was held that the answer stated an equitable defense, and that the action was thereby converted into a suit in equity. See also Allen v. Logan, 96 Mo. 591; Fisher v. Stevens, 143 Mo. 181; Schuster v. Schuster, 93 Mo. 443; Dunn v. McCoy, 150 Mo. 548.

While holding that the action, by reason of the defense set up, is converted into a case in equity, we are at a loss to see what claim the defendant has on the conscience of a court of equity, or to discover how he has been unfairly treated. If there was any unfair dealing, it was altogether on the part of the defendant. On three or four different occasions, when called upon by the holder of the note, and his attorney, and requested to pay it, he tried to induce each of these gentlemen to accept an old "insolvent note" in exchange and satisfaction for the note against him. The conduct of the defendant, as disclosed by the record, is not such as places him in a position to claim equitable aid. He conceived the notion that the land was not described properly in the notice of sale, and, therefore, allowed the sale to be made, intending doubtless to take an unfair advantage of the supposed misdescrip-

tion, and saddle the holder of the note and deed of trust with the costs of foreclosure. Indeed the record fails to show that the defendant offered to do anything that was fair in connection with his indebtedness and this transaction. He has not offered to redeem, but by his answer he seeks to have the foreclosure sale set aside and invalidated without being required to pay his indebtedness. He was even given the opportunity to discharge the obligation by paying the principal of the note, $150, but he refused to do that. If there was any failure of consideration for this note, there is absolutely no proof of it; nor was there any evidence that Griffin, who acquired the note for value before maturity, had any notice of the alleged failure of consideration.

The defendant could have attended the sale, of the time and place of which he had full knowledge, and could have bid in the land for the comparatively small amount of the indebtedness and the costs of the foreclosure, but he chose not to do so. No reason has been shown why he could not have attended the sale, or why he could not have made provision for the payment of his indebtedness. The consequences are as much the fruit of his indifference to his obligation on the note as of his inexcusable neglect to protect his property. In the words of the Psalmist: "He made a pit, and digged it, and has fallen into the ditch which he made."

The power of a court of equity is not to be exercised to relieve a party or other person from the consequences of his own inexcusable neglect. [17 Am. and Eng. Ency. Law (2 Ed.), pp. 998, 999, and cases cited.]

The judgment of the circuit court is reversed and the cause remanded, with directions to enter judgment for plaintiffs for possession of the premises described in the petition, and for costs. All concur.