THE STATE EX REL. RALPH MCSWEENEY and JESSE A. TOLERTON v. ARGUS COX ET AL., Judges of Springfield Court of Appeals.

Division Two, December 20, 1926.

1. **BILL OF EXCEPTIONS: Omitted Document: Supplied by Understanding.** A document which is not incorporated in the bill of exceptions, nor called for by it, cannot be considered by the appellate court. Nor does the fact that the bill shows that it was the basis of the suit and that it was offered and considered in evidence at the trial, nor that it can be gleaned from the record that it was the contract referred to in the petition, supply it as a part of the bill, or authorize the appellate court to consider it.

2. ——: ——: **Amendment Nunc Pro Tunc.** The trial court has authority, by **nunc pro tunc** order, to amend a bill of exceptions, by ordering that a document, which the bill shows was offered and received in evidence at the trial, be incorporated in the bill, and if the bill shows it was so offered and received and that the trial court, upon request, refused to make such **nunc pro tunc** order, the appellate court can review the action of the trial court in refusing to make the order, and if it determines that the order should have been made, it will consider the document as a part of the record, and not go through the useless form of requiring the trial court to make an order incorporating the document in the bill. But the appellate court, when the trial court has not been requested to make such an order and has never been given an opportunity to consider the matter, cannot rule that there is enough in the bill and record proper as presented to have justified a **nunc pro tunc** order incorporating the document in the bill and therefore it will be received and considered as if such order had been made.

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 1830, p. 229, n. 80; Section 1935, p. 315, n. 16 New; p. 316 n. 22; Section 1944, p. 322, n. 99 New; Section 1947, p. 323, n. 18 New. **Courts,** 15 C. J., Section 511, p. 1079, n. 42.

*Certiorari.*

RECORD QUASHED.

*G. M. Sebree* and *Frank B. Williams* for relators.

The Court of Appeals erred in considering the contract sued on as a part of the record and making it the basis of its decision. Said contract never was incorporated in the bill of exceptions, nor called for by anything therein, nor was the trial court ever requested to make an order incorporating it in the bill. And the Court of Appeals in holding that there was a sufficient showing in the record to have justified the trial court in making a *nunc pro tunc* order incorporat-

ing the contract in the bill of exceptions and therefore it would consider that done which should have been done, contravened many decisions of this court. The law requires the trial court to approve and settle the bill of exceptions, and the appellate court cannot rule that the trial court erred in not making an order it never was requested or given an opportunity to make. The opinion should be quashed because in conflict with the decisions of this court in: Betzler & Clark v. James, 227 Mo. 387; State v. Forshee, 308 Mo. 661, and State v. Baugh, 217 S. W. 280. See, also, Act of 1903, Laws 1903, page 105, now Sec. 1514, R. S. 1919.

HIGBEE, C.—On the application of the relators a writ of *certiorari* was issued to review the opinion and judgment of the Springfield Court of Appeals in the case of City of Aurora v. Ralph McSweeney and Jesse A. Tolerton, then lately pending in said court.

Ralph McSweeney contracted with said city to build sections of a sewer in said city, and gave bond with Tolerton as surety for the faithful performance of the contract. The sewer was built and the contract price was paid. Afterwards the city brought suit on the bond for damages for failure to perform the work in accordance with the specifications of the contract. At the trial the court took the case from the jury, and the city appealed. The respondents contended in the Court of Appeals that the judgment should be affirmed because the contract referred to was not embodied in the bill of exceptions, nor was there a call in the bill for the clerk to copy it, as is provided in Section 1514, Revised Statutes 1919, and since the contract was neither inserted in the bill nor called for, there was nothing before the court by which the liability on the bond could be fixed.

The opinion of the learned Court of Appeals states: *"If a document offered in evidence is not copied in a bill of exceptions and there is no direction therein for the clerk to copy it and that is all that appears, it cannot be considered by an appellate court, even though the bill of exceptions does show it was offered and admitted in evidence at the trial,"* citing Betzler & Clark v. James, 227 Mo. 375, 126 S. W. 1007.

The opinion continues: "Considering the bill of exceptions as a part of the record and gleaning the facts therefrom and from the pleadings, there can be no possible doubt that the contract offered in evidence was the contract referred to in the petition and is the one under which the work of putting in the sewer was done by McSweeney. Nor can there be any possible doubt that the contract was offered and admitted in evidence. All this appears from the record and in our judgment is sufficient to justify an amendment of the bill of exceptions by an order *nunc pro tunc* so as to incorporate this contract therein and therefore sufficient to justify this court in

treating it as a part of the bill of exceptions—'' citing Darrier v. Darrier, 58 Mo. 223; Morton v. Lloyd Construction Co., 280 Mo. 360, 217 S. W. 831, and Solomon v. Moberly Light & Power Co., 262 S. W. 370.

It seems to me that this conclusion is a *non sequitur* and the very negation of the first conclusion announced, which we have italicized, and that it is in conflict with the decisions of this court construing Section 1514, Revised Statutes 1919. This section reads, in part: ''. . . ; but it shall not be necessary, for the review of the action of any lower court on appeal or writ of error, that any pleading . . . or any written or printed matter offered in evidence upon the trial and properly identified and deposited with the clerk, to remain in his custody until after the determination of the cause in the appellate court, shall be copied or set forth in the bill of exceptions filed in the lower court: *Provided,* the bill of exceptions so filed contains a direction to the clerk to copy the same, and the same are so copied into the record sent up to the appellate court.''

The facts as recited in the learned opinion are that the contract was identified and read in evidence, but it was neither called for nor set out in the opinion. It does not appear from the bill of exceptions, nor from any record or memorandum of the court or clerk, that it was intended the contract should have been inserted therein or that the clerk should copy it in the transcript of the record. No motion to amend the bill of exceptions was filed in the trial court. On this state of facts Judge RAILEY, speaking of documents not set forth or called for in the bill of exceptions, said that such documents ''constitute no part of the record proper, and cannot be reviewed by us, because none of said documents are set out or called for in the bill of exceptions, nor are any exceptions saved in the latter, in respect to the rulings of the court in disposing of the same.'' [State v. Baugh, 217 S. W. 280 (1).]

In State v. Gartrell, 171 Mo. 503, 71 S. W. 1045, a stipulation between counsel for the appellant and the Attorney-General was filed in this court authorizing the trial judge to amend the bill of exceptions so as to include therein an application for a continuance filed in the circuit court, together with the ruling thereon, and that the same should be certified up by the clerk of the circuit court and considered a part of the bill of exceptions. This was done as per stipulation. On this record this court held that the trial court had no power to change the record, further than by *nunc pro tunc* entries, to make the record speak the exact truth of that which actually did occur during the term and *then only* when there is sufficient record or minutes of the judge or clerk to authorize such amendment. On page 505, Judge GANTT further said: ''On the contrary it appears to be and is a case in which counsel have failed to include the motion

for a continuance in the bill of exceptions, and their exceptions to the order overruling it."

Betzler & Clark v. James, supra, l. c. 387, so far as the point involved is concerned, is on all-fours with the instant case. The bill of exceptions showed that a deed of trust was read in evidence but was not incorporated in the bill of exceptions, nor was there a direction to the clerk to insert it therein. After quoting the pertinent provisions of the statute, the court said: "As the deed of trust offered and read in evidence was not set forth in the bill of exceptions, and there was no direction to the clerk to copy it into the record, and the same was not so copied, it is not before us for construction."

In Blanchard v. Dorman, 236 Mo. 439, 139 S. W. 395, referring to this statute, the court said it "has been uniformly held to mean exactly what it says, that these matters of exception must be saved in the bill either by copying them in full or directing the clerk to do so, and there seems to be no reason for attempting to modify so plain a proposition, and one with which the bar has had so many opportunities to become familiar," and it was held that the "record being in the condition indicated, our examination must be confined to the record proper."

As we have seen, the ruling of the learned Court of Appeals is that since it appears from the bill of exceptions that the contract offered in evidence was the contract referred to in the petition and is the one under which the work of putting in the sewer was done by McSweeney, it is sufficient to justify an amendment of the bill of exceptions by an order *nunc pro tunc*, so as to incorporate this contract therein and therefore sufficient to justify the court in treating it as a part of the bill of exceptions. This ruling, in our opinion, is clearly in conflict with the last previous rulings of this court.

We find no support for the ruling of the Court of Appeals in Darrier v. Darrier, supra, or other cases cited. In that case the bill of exceptions showed that a letter was offered in evidence. A motion was made in the trial court to amend the bill of exceptions by inserting therein at the appropriate place the words "of which the following is a copy." Judge SHERWOOD said there was ample matter to amend by and that the motion should have prevailed, that the court would treat the case on appeal as if the amendment had been made, "and without going through the bare and meaningless formality of sending the case back for that purpose, we have treated the letter as incorporated in the original bill."

That, however, was a horse of another color. In that case the lower court erred in overruling the motion to amend the bill of exceptions. This court on appeal had authority to do what the lower court should have done. If, in the instant case, the lower court had

overruled a motion to amend the bill of exceptions, that ruling could have been reviewed on appeal if the matter were properly preserved.

Other cases cited are not in point. For the reasons heretofore assigned the record of the Court of Appeals is quashed. *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.